Opinion of the Courts.
ON the 2d of November, 1816, James Fugate gave to George L. Howard, Ahe following instrument, of writing:
“ The Trustees of the Town of Carlisle, in Nicholas, county, will please convey Lot No. 32, to George L. Howard, who has this day purchased the said lot from me, and for which .1 have received value in full, November 2d, 1816.
JAMES FUGATE, Jr.”
On the 4th of the same month, Howard, in consider ration of $157, assigned the said instrument to Stephen Hansford, and shortly afterwards, Howard left this state for New-Orleans, where he died insolvent. Hangs *263 ford also died, having by his will directed the lot to be sold and'the proceeds to be paid to his brothers and sisters. In the mean time, Fugate received from the trustees of Carlisle, a conveyance for the lot to himself, and James H. Thomson, as executor of Hansford, filed his bill, alleging the foregoing facts, and praying that Fugate might be decreed to convey to him the lot, and for general relief. To this bill Fugate demurred, and the court having overruled the demurrer, he answered. In his answer he alleges, that the instrument before recited was only directory to the trustees, and contains no obligation on him to convey the lot, and he pleads and relies upon the statute against frauds and perjuries. He states, that at the time of executing the instrument, Howard paid him a mare at the price of fifty dollars, and executed his note Rearing even date with the instrument, for §80, the balance of the price of the lot, payable the next June thereafter, and that Howard has not paid the same; and he insists, if he should he compelled to convey the lot, that it should be .upon the condition, that the note should be first discharged.
An amended bill was afterwards filed, leave having been first obtained for that purpose. In the amended bill, the devisees of Hansford, his brothers and sisters, joined with Thompson the executor, and they made George Howard, the -father of George L. Howard, defendant, whom they allege to be his only legal representative, and they pray that the lot may be decreed to be conveyed to the devisees.
‘ Onafmal hearing, the circuit court decreed Fugate to convey the lot to the devisees, and to that decree he has prosecuted this writ of error.
Several points are relied on for the reversal of the decree. In the first place, it is contended, that the circuit court erred in not sustaining the demurrer to the bill. There is no doubt that the original bill was defective. The devisees of Hansford as well as the representatives of Howard, were, we apprehend, necessary parties; and as the original bill did not make them parties, it was objectionable on that account, and of course, the demurrer ought to have been sustained. But if it had been sustained, the bill might have been amended and the proper parties made, and as that was in fact afterwards done, the error of the court in pot sus *264 taining the demurrer, cannot be deemed a sufficient ground for reversing the final decree, if it be otherwise unexceptionable. Butin the next place it is contended, that the statute against frauds and perjuries, was an-availing defence in this case, the instrument of writing requesting the trustees to convey the lot to Howard, not being such as is required by that statute. It is very certain, that the instrument in question does not import a contract, on the part of Fugate, to convey the lot; but it is clearly expressive of a contract of sale by him to Howard, and the only plausible objection to which we apprehend it is liable under the statute, is, that it does not state the price of the lot. Where the contract is executory, on both sides, it is doubtless necessary, that the land sold and the price, should be both evidenced by some memorandum in writing, and signed by the party, to be charged as the statute requires; hut where the contract is executed on the part of the purchaser, by the payment of the price, and that fact is evinced by written e\ idence, as in this case, it would seem, according to the reason of the thing, sufficient, w ithout stating the precise price. There is, in such a case, nothing to be ascertained by parol proof, for the purpose of enforcing such a contract; and, of course, the danger of frauds and pejjuries in setting up parol agreements, to guard against which, was the object of the statute, is not in such a case, to be apprehended. We cannot, therefore, think that the statute constitutes a good defence.
But it is finally contended, that the balance of tin; price of the lot, should have been paid to Fugate, before he was compelled to convey the lot. The statement in the order given by' Fugate, requesting the trustees to convey the lot, that he had received the price in full, is not of a character to estop him from controverting the fact, and showing the contrary, and as the note on Howard for $80 bears even date with the order, Fugate gave to Howard for the conveyance, and purports on its face to be for the balance of the price of the lot, it satisfactorily evinces, we think, that so much of the price still remains unpaid.
Assuming this lo be the fact, most indisputably Howard himself could not have bad a Fight to demand a conveyance of the lot without first paying the balance of the price, and in general it must be concluded to he true that an assignee cannot stand in a more fa *265 Vorable attitude than bis assignor. But the vendei may by his conduct place the assignee in a better situation in this respect than that of his assignor, and we have no hesitation in saying, that Fugate has in this instance forfeited his right to insist upon the payment of the balance of the price of the lot as against Hansford or his representatives: The order directing the trustees to convey the lot containing an acknowledgment upon its face, that Fugate bad received the full price of the lot, Hansford no doubt must have made the purchase of Howard with a confidence that the fact was true, and Fugate having thus induced Howard to make the purchase, cannot now be permitted consistently with good faith, to refuse a conveyance to Hansford or bis representatives, upon the ground that he had not received from Howard the full price.of the lot.
The decree must be affirmed with costs.