[Smith v. Freeman and Bynum.]

# Smith *v.* Freeman and Bynum.

## *Assumpsit.*

1.　*Assignment of error ; when can not be considered.*—The record show-ing, on a defendant's appeal, that the plaintiff demurred to a special plea, assigning *nine* grounds, and that the court sustained the *tenth* ground, an assignment of error, that the primary court erred in sustain-ing the demurrer, can not be considered, the court being unable to know what is covered by the assignment.

2.　*Evidence; when acts of party inadmissible for him.*—Where, in an action on a bond or note alleged to have been given for the purchase-money of land, the issue was, whether the purchase of the land was ever in fact consummated, acts of the defendant, done long after the alleged trade, and in the absence of the vendor, inconsistent with the fact of purchase, are not admissible in evidence for him.

3.　*Statute of frauds ; when note on bond given for land not void under.* A plea of the statute of frauds (Code, 1876, § 2121, subd. 5) is not avail-able to a defendant sued on a bond or note, given for the purchase-money of land, in which the consideration is expressed as all the ven-dor's " title or claim to property bought of W. R. L. and J. J. G., and known as the Gentle property," although the note or bond was the only writing executed in reference to the sale of the land.

4.　*Plea of want of consideration ; when not available.*—It was further held that under the facts in this case, as hypothetically stated in charges-given at the plaintiff's request, the plea of a want of consideration in the note or bond sued on was not available to the defendants.

APPEAL from Jackson Circuit Court.

Tried before Hon. H. C. SPEAKE.

This suit was brought by Freeman & Bynum against Barton B. Smith; was founded on a bond executed by the defendant to one Finney, and by the latter transferred to the plaintiffs; and was commenced on 24th January, 1880. The cause was tried on issue joined on the pleas of the statute of frauds and want of consideration, among others, the trial resulting in a verdict and judgment for the plaintiffs. A special plea num-bered five, referred to in the opinion, was also filed, the aver-ments of which need not be here stated.

The plaintiffs read in evidence the bond sued on, which, omit-ting the signature, is in these words : " Larkinsville, Alabama. Twelve months after date I promise to pay A. Finney the sum of five hundred 47-100 dollars, for all his title or claim to property bought of W. R. Larkin and J. J. Gentle, and known as the Gentle property; as witness I set my hand and seal, January 23, 1879." There is a material conflict in the evi-dence as to the circumstances under which the bond was exe-

cuted, and as to its consideration. As the plaintiffs' evidence tended to show, in 1874, the defendant sold to Jefferson Gentle, a designated unimproved lot of land in the town of Larkinsville, and afterwards furnished Gentle lumber and materials with which the latter erected improvements on said lot. On 1st January, 1876, Gentle, owing defendant a balance for said lot, lumber and materials of $463.91, executed to him his bond for said sum, on which there was due, in January, 1879, the sum of $243. The sale of said lot was by parol, the defendant retaining the title. In January, 1879, Finney agreed to sell to Gentle a tract of land known as the Hopkins place, for which the former held a bond for title, there being then due on the purchase-money about $1000. The agreed price for this place was $2000; and in payment therefor, Gentle agreed to pay off and satisfy said balance, and to convey to Finney the lot in Larkinsville purchased from the defendant, the title to which still remained in the defendant. The defendant, at the request of Finney and Gentle, assented to the land trade which they had made, and agreed to convey the lot in Larkinsville to Finney. At the time of said trade, Finney was in possession of the Hopkins place, and Gentle of the lot in Larkinsville. Gentle was then placed in possession of the Hopkins place, and Finney sold the Larkinsville lot to the defendant for a stated sum, of which, according to agreement, the defendant paid part by transferring to Finney Gentle's bond to defendant, of date 1st January, 1876, and for the balance he executed the bond sued on, and took possession. The trade between Finney and Gentle was not in writing, and the only writing evidencing the trade between Finney and the defendant was the bond on which this suit is founded.

The evidence introduced on behalf of the defendant tended to show, that his assent to the trade made between Finney and Gentle, his agreement to convey, and his subsequent purchase from Finney were conditional, depending on, *inter alia*, the consummation of the trade between Finney and Gentle; that said trade was never consummated; and that he never, after said trade, acquired possession of the lot in Larkinsville under Finney, or by virtue of the trade made with him, but under an arrangement with Gentle. One Perkerson was examined as a witness on defendant's behalf, who testified that, in 1881, he bought of defendant said lot in Larkinsville for $800, and that he purchased " with notice of Gentle's claim thereon, and with Gentle's consent, and with the agreement that Gentle should have the right to redeem, and all rights that he had against Smith in relation to said lot." Said witness having further testified, on cross-examination, that Smith " had executed to him a deed, not reserving therein in writing any of said rights

[Smith v. Freeman and Bynum.]

of Gentle, and that there was no written agreement that Gentle should have the right to redeem," the court, on plaintiffs' motion, excluded from the jury all the testimony of said witness; and to this ruling the defendant excepted.

Charges 6 and 8, given at the plaintiffs' request, referred to in the opinion, are in these words: 6. "A man in the possession of land, who has bought it, and given his notes for the purchase-money, notwithstanding he may have no deed or title to the land, and may never have paid the purchase-money, may still make a valid sale of said land to a third party, and take a note for the amount due him; and such a note would be supported by a valid consideration, and could be enforced by suit." 8. "If the jury believe from the evidence, that Finney sold the Hopkins' place to Gentle, and he agreed to pay him $2000 for it, which was to be paid by Gentle's letting Finney have a house and lot in Larkinsville, known as the Gentle house and lot, at the sum of $1000, and to pay to H. H. Hopkins the balance of $1000, or so much thereof as might be due to Hopkins; and he, Gentle, went into the possession of the Hopkins land, and either Finney himself, or B. B. Smith, by his direction or consent, went into the possession of the Gentle house and lot in Larkinsville, and these exchanges of possession were by reason of, and under these contracts, then Smith's possession of the house and lot would be a possession derived from, or through Finney, and Smith would then be holding under Finney; and this being found by the jury, and the further fact, if it be found to be true, that B. B. Smith gave the note in suit for the purpose of acquiring this possession and right of Finney, and he has not since been dispossessed of said property by Finney or Gentle, then Smith can not defend himself on a plea of the failure of consideration, without surrendering said possession, or showing some fraud or misrepresentation in regard to the Gentle house and lot." Charge 9, requested by defendant, and refused by the court, also referred to in the opinion, is in these words: "If the jury find from the evidence, that Smith got possession of the lot in Larkinsville from Gentle, and that Finney never had possession of said lot, either actual or constructive; and that Finney had no title or interest in said lot; and that the bond sued on was given for Finney's interest in said lot, then there was a failure of consideration, and the jury should find for the defendant."

To the rulings above noted, as well as to numerous others not necessary to be set out in this report, the defendant duly excepted; and they are here assigned as errors.

WALKER & SHELBY, for appellant.

[Smith v. Freeman and Bynum.]

R. C. HUNT and ROBINSON & BROWN, *contra.*

STONE, J.—It is assigned as error that the circuit court sustained plaintiffs' demurrer to the fifth plea. The record shows the circuit court sustained the tenth ground assigned in demurrer. Only nine grounds are shown to have been assigned. We are not able to know what is covered by the assignment, and can not consider it.

There was no error in excluding the testimony of Perkerson. It related alone to acts of Smith, done long after the alleged trade with Finney, and in the absence of both Finney and his transferees. To allow such testimony to explain or qualify a previous contract between Smith and Finney, would be allowing Smith to make evidence for himself.—1 Brick. Dig. 834, §§ 423–4.

Many rulings were made, and many others invoked, looking to the avoidance of the alleged purchase of Smith from Finney, on the plea of statute of frauds.—Code of 1876, § 2121, subd. 5. The present suit is against Smith, founded on a writing signed by Smith, and the object of the suit is to charge him, Smith. No other person is sought by this suit to be charged. Now, the consideration of the note or bond is expressly set out in the writing itself. Its language is, " for all his (Finney's) title or claim to property bought of W. R. Larkin and J. J. Gentle, and known as the Gentle property." This description would be sufficient in a complaint in ejectment, for it must be supposed that from this description the identity of the lots can be ascertained.—3 Washb. on Real Prop. (4th Ed.) 398–9; *Phillips v. Adams,* 70 Ala. 373 ; *Cooper v. Hornsby,* 71 Ala. 62 ; *Horton v. Wollner, Ib.* 452. This case is thus narrowed down to the consideration of a few charges, given and refused.

Charges 6 and 8 given at the instance of plaintiffs, are correct expositions of the law.—*Tobin v. Bell,* 61 Ala. 125. Charge 9, asked by defendant and refused, is faulty in two respects. It refers to the jury the construction of a written instrument, and is in other respects liable to mislead the jury.—1 Brick. Dig. 339, §§ 59, 60, 61 ; *Ib.* 337, § 27. There is nothing in the other exceptions.

Affirmed.