# Oliver *v.* Ala. Gold Life Insurance Co.

*Action on Promissory Note, by Assignee against Maker.*

1. *Statute of frauds; parol lease for one year.*—Under the statute of frauds (Code, § 2121, subd. 1, 5), a parol agreement for a lease of land for the term of one year, to commence at a future day, is void.

2. *Same; writing signed by one party only.*—Under the statute of frauds, declaring certain agreements void, "unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith" (Code, § 2121), if the agreement was signed by the party sought to be charged at law, he is estopped from denying its execution or validity. because it was not signed by the other party also, and can not set up the statute in defense of the action. (Explaining and limiting *Flinn v. Barber*, 64 Ala. 193 )

3. *Same; memorandum consisting of two or more writings; parol evidence.*—When the memorandum relied on to charge the defendant consists of two or more writings, there must be a reference in one to the other; and oral evidence can not be received to connect them, or to supply their deficiency; but, when one of them clearly refers to the other, as when a note is inclosed in a letter referring to it, oral evidence may be received to identify the writing referred to.

4. *Sale and conveyance of leased premises, before commencement of term.* If the lessor sells and conveys the leased premises to a third person, before the commencement of the term, and thereby disables himself to deliver possession as stipulated, there is a failure of consideration of the note given for the rent, and payment of it can not be enforced by the lessor, or by a subsequent assignee; but, when the purchaser is the lessee's surety on the note, and the validity of the lease is recognized by the conveyance and contemporaneous mortgage for the purchase-money, interest not being charged on a future payment on account of the outstanding term, this principle does not apply.

5. *Same; attornment by lessee to purchaser.*—If the lessee in such case, having given his note for the rent, on which the purchaser is surety, attorns to the purchaser, and takes possession as his tenant, the rights of the lessor, or of an assignee of the note, are not thereby defeated or impaired.

6. *Error without injury in sustaining demurrer to special plea.*—The wrongful sustaining of a demurrer to a special plea is error without injury, when the record shows that the defendant had, under the general issue, the full benefit of the facts set up in the special plea.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellant, a domestic corporation, suing as assignee, against H. L. Oliver and C. D. Oliver; was founded on the defendants' promissory note for $125, which was dated December 1st, 1879, and payable twelve months after date, to the order of T. N. Fowler; and was commenced on the 9th July, 1883.   On the first trial,

there was a judgment on verdict for the defendants; but it was reversed by this court on appeal, and the cause was remanded, as shown by the report of the case—78 Ala. 158. Afterwards, as the record now shows, the defendants filed a special plea, averring, in substance, that prior to the execution of said note, H. L. Oliver rented a certain tract of land from Mrs. Rebecca Smith, for a term of one year, commencing on the 1st January, 1880; that said contract was by parol only, and no note or memorandum thereof in writing was ever made or signed by said parties; that one C. W. Oliver was, at the time said contract was made, in possession of said rented premises, under a contract of lease for the year 1879, and continued in possession until the end of the year 1879; that on the first December, 1879, shortly after said parol contract was made, at the request of Mrs. Smith, defendants executed the note now sued on; that C. D. Oliver signed the note only as surety for H. L. Oliver, and was not a party to the rent contract; that after said note was executed, but prior to the 1st January, 1880, to-wit, on the 14th December, 1879, C. D. Oliver purchased the rented premises from Mrs. Smith, and she conveyed the same to him by deed duly executed; that C. D. Oliver thereupon took possession of the premises, and H. L. Oliver occupied them as his tenant during the year 1880, and paid him the rent therefor; that H. L. Oliver never entered into possession of the premises, until after the sale and conveyance of the same to C. D. Oliver; and that no part of the rent money was ever paid to Mrs. Smith, or to any one else for her. C. D. Oliver also filed a separate plea, setting up the same facts. The plaintiff demurred to this plea—1st, "to so much thereof as avers that H. L. Oliver occupied the said premises as the tenant of C. D. Oliver;" 2d, "because said plea fails to aver that said premises were sold to C. D. Oliver before the transfer of said note to plaintiff;" 3d, "because said plea does not deny that the sale of said premises was made subject to the prior lease by Mrs. Smith to H. L. Oliver." The court sustained the demurrer, and the record does not show what other pleas were filed; but there was a judgment on verdict for the plaintiff.

The bill of exceptions purports to set out "substantially all the evidence," which showed that the note was given for the rent of a tract of land belonging to Mrs. Rebecca Smith, for and during the year 1880; that H. L. Oliver was the lessee, and C. D. Oliver, who was his father, signed the note only as his surety; that the contract was negotiated between said H. L. Oliver and T. N. Fowler, the payee of

the note, who was the agent of Mrs. Smith; that the land, at the time this contract was made, was in the possession of C. W. Oliver, who was a brother of H. L. Oliver, and who continued in possession until about the close of the year 1879; and that H. L. Oliver entered on or about the 1st January, 1880, and cultivated a part of the land during the year 1880. It was shown, also, that after the contract of renting was made, and after the execution of the note sued on, Mrs. Smith sold and conveyed the land to said C. D. Oliver; the contract on her part being negotiated by said Fowler as her agent, and J. W. Lapsley as her attorney. By the terms of the sale and conveyance, the purchase-money was $2,500, for which five promissory notes were given, payable on the 1st January, 1881, and each successive year afterwards, with interest from the 1st January, 1881; and a mortgage on the land was executed by said Oliver and wife, to secure the payment of these notes. The deed was dated December 9th, and the mortgage December 17th, but they were delivered at the same time. It was proved that each of these notes had been paid.

The plaintiff read in evidence the note sued on, and two letters written by H. L. Oliver to said T. N. Fowler, one dated November 7th, 1879, and the other November 8th. The first letter was in these words: "Your favor of 6th inst. is to hand. I accept your terms, and will send note for joint signature to my father in Athens to-day, which he will forward to you." And the other was as follows: "Inclosed I hand you the note for the rent of the Smith place, signed jointly by him and me, as per your letter to him. Please acknowledge receipt of same. I have removed on the premises, and shall endeavor to protect the property from waste or injury of any kind." The defendants objected to the admission of each of these letters as evidence, but without stating any particular ground of objection; and they excepted to the overruling of their objections. Said Fowler, whose deposition was taken on behalf of the plaintiff, testified (among other things) as follows: "The reason why said installments of the purchase-money only drew interest from the 1st January, 1881, was because I, as agent for Mrs. Smith, had rented said premises, for one year, to H. L. Oliver, and he was in possession under said lease; and as I could not give possession to the purchaser until the expiration of the lease, to-wit, January 1st, 1881, I agreed that no money or interest should be paid, or begin to accrue, until the lease expired, and I could put the purchaser in possession. The note in suit was executed prior to the sale of the property, or any negotiations looking to

said sale. . . The Alabama Gold Life Insurance Company became the owner of said note before said sale, and is now the owner. At the time of said sale to C. D. Oliver, nothing was said about said note by him or me. He did not claim or demand its surrender to him; did not claim that it should go to him as a part of the demise; did not inquire who held it, and did not repudiate his liability thereon."

It was proved, also, on the part of the defendants, "that said contract of renting was by parol, and there was no note or memorandum thereof signed by Mrs. Smith, or by any one authorized by her in writing." H. L. Oliver testified, on behalf of the defendants, "that he went into the possession of the said premises about the first of January, 1880; that he received possession from C. D. Oliver, his father, who held a deed to the place from Mrs. Smith; that he remained in quiet possession and enjoyment of said premises during the entire year 1880, and had paid rent for the premises to his father." W. R. Oliver, a brother of H. L. Oliver, also testified, on behalf of the defendants, that he occupied and cultivated a part of the land during the year 1880, as a tenant of his father, and paid rent to him; and that H. L. Oliver also occupied a part of the premises, and paid rent to C. D. Oliver. The deposition of C. D. Oliver was taken by the defendants, and was read in evidence for them; the 4th interrogatory to him, and his answer thereto, being as follows: "*Int.* 4. State why, and for what purpose, you made, or joined in making said note." "*Answer to 4th int.* At the time I joined in making said note, I was living in Huntsville, and said H. L. Oliver, my son, was living in Shelby county. Being informed by him that the Smith place could be purchased on moderate terms, I wrote to him that we would rent the place for the year 1879 (1880 ?), in order to secure the possession, and be certain of it, until I could come down and negotiate the purchase through Col. Lapsley, who was the agent of Mrs. Smith. A few days after my said son and I made said note to T. N. Fowler, whom I knew to be an agent of Mrs. Smith, I came to Shelby county, and, through Col. Lapsley, submitted my propositions for purchasing the place, which were accepted."

On this evidence, the court charged the jury, *ex mero motu:* "Although the jury may believe that C. D. Oliver bought the land on the 9th December, 1879, and took possession under his purchase, and rented a portion thereof, for the year 1880, to W. R. Oliver, and another portion to said H. L. Oliver, and that they occupied said lands during that year under said C. D. Oliver; yet, if they further be-

lieve that the note sued on was transferred to plaintiff, for a valuable consideration, before said purchase, and that said C. D. Oliver knew of such transfer at the time he made said purchase, then they must find a verdict for the plaintiff, against each of the defendants."

The defendants excepted to this charge, and requested the court, in writing, to instruct the jury as follows: "Although the jury may believe, from the evidence, that C. D. Oliver bought the land, for the rent of which the note sued on was given, with the knowledge that said land was rented to H. L. Oliver for the year 1880; yet, if they further believe that said C. D. Oliver took possession of the premises after his said purchase in 1879, and rented the larger portion to W. R. Oliver for the year 1880, and another part to said H. L. Oliver for the year 1880, and that each of them occupied the portion rented to them by their father, during said year, as his tenants; and if they further find that said H. L. Oliver only occupied, during said year, such portion as he obtained from C. D. Oliver, and as his tenant; then they must find a verdict for the defendants." Each of the defendants also asked a charge in the same language, asserting that, on the facts stated, the jury should find a verdict for him; and exceptions were reserved by them, jointly and severally, to the refusal of each of these charges.

The defendants also requested the following charge in writing, and duly excepted to its refusal: "If the jury believe, from the evidence, that the note sued on was given for the rent of a tract of land belonging to Mrs. Smith, for the year 1880; that said contract of rent was entirely by parol, and there was no note or memorandum thereof in writing; that Mrs. Smith, after the execution of said note, sold and conveyed said land to said C. D. Oliver; and that said Oliver took possession of the same under his said purchase; and that said H. L. Oliver, after said purchase, about the first of January, 1880, took possession of said lands from said C. D. Oliver, and kept the same under him during the year 1880, and paid him the rent therefor; and that H. L. Oliver did not claim to hold and occupy the premises as the tenant of Mrs. Smith, but claimed to occupy and did occupy said premises as the tenant of said C. D. Oliver; then the jury must find a verdict for the defendants."

The sustaining of the demurrer to the special plea, the admission of the evidence objected to, the charges given, and the refusal of the charges asked, are now assigned as error.

[Oliver v. Ala. Gold Life Ins. Co.]

H. C. TOMPKINS, for the appellants.—(1.) The special plea presented a complete defense to the action, showing an entire failure of the consideration of the note; and it was certainly not demurrable on any of the grounds of demurrer specified. The first specification amounted to nothing more than a general demurrer, not pointing out any defect; and the others presented only matters proper for a replication. (2.) On the facts, a complete defense was shown as to each of the defendants; and the court erred in not sustaining it, as presented in the charges asked and refused. As to H. L. Oliver, the note is without consideration, or there was an entire failure of consideration. He rented the lands for the term of one year, to commence at a future day, and, though he gave his note for the rent, his lessor bound herself by no written instrument which could have been enforced against her. If H. L. Oliver, instead of giving his note, had paid the agreed rent, he might have recovered it by action at law, when he failed to get possession. *Flinn v. Barber*, 64 Ala. 193. A promise is a sufficient consideration to support a promise, when valid and binding, and capable of being enforced. But, here, Mrs. Smith never made any promise which could have been enforced against her; and she not only failed to perform the promise which she did make, but disabled herself to perform it, by her own voluntary act. By what legal process, or by what form of action, could H. L. Oliver have obtained possession under the agreement for a lease, or compelled its performance? And if he could not have compelled performance, and it was not in fact performed, how can it be enforced against him? The consideration of the note was not the promise or agreement to lease, but the lease itself—the possession of the leased premises during the term; and as to this there was an entire failure of consideration. *Horton v. Woolner*, 71 Ala. 452; *Scoggins v. Blackwell*, 36 Ala. 351; *Treadway v. Smith*, 56 Ala. 345; *Parker v. Hollis*, 50 Ala. 411; *Phillips v. Adams*, 70 Ala. 373; *Carter v. Shorter*, 57 Ala. 253; *Wilkinson v. Heavenrich*, 55 Amer. Rep. 708; Taylor's Land. & Tenant, § 35. The note was not commercial paper, and the assignee acquired no greater rights than his assignor had.

E. P. MORRISSETT, *contra.*—1. The plaintiff having purchased the note sued on from Mrs. Smith, before the sale of the land to C. D. Oliver, became possessed of an indefeasible title to the note, which no subsequent act of Mrs. Smith could affect. This negotiation of the rent note, for value, operated a severance of the rent from the reversion, so that

the principle of *English v. Key*, 39 Ala. 113, has no application.

2. In *English v. Key*, the purchaser at sheriff's sale bought the fee, with the right to immediate possession. In the case at bar, there was a contemporaneous mortgage by the purchaser, *silent* as to possession before default; by which the legal title, or reversion, with the right of possession, was left in Mrs. Smith, from whom the plaintiff purchased. As to legal title, see *Duval v. McClosky*, 1 Ala. 735; 60 Ala. 360; 54 Ala. 309; 70 Ala. 247. As to right of possession, see *Smith v. Taylor*, 9 Ala. 637; *Woodward v. Parsons*, 59 Ala. 628; *Boswell & Woolley v. Carlisle & Jones*, 70 Ala. 247; *Watford v. Oates*, 57 Ala. 295; *Slaughter v. Swift, Murphy & Co.*, 67 Ala. 499; *McMillan v. Otis*, 74 Ala. 565.

3. The deed and mortgage, construed as one instrument, constitute a single transaction, and, taken together, show an agreement to execute a deed upon payment of the purchase-money, with a reservation of the legal title in the vendor. *McRae v. Newman*, 58 Ala. 535; *Sims v. Gaines*, 64 Ala. 392; *Robbins v. Webb*, 68 Ala. 398-9; *Boynton v. Sawyer*, 35 Ala. 499-500.

4. The equity principle of the mortgagor being entitled to rents, until the mortgagee asserts his claim, has no application in this case. Even in equity, the principle applies only where there is no specific agreement to pay rent, in which event equity applies the rent. Here, there is a specific promise to pay a certain rent to Mrs. Smith.—*Scott v. Ware*, 65 Ala. 183.

5. The plea of the statute of frauds can not avail the defendants. While the note sued on does not set out the consideration, and it is conceded to be for rent for a term of twelve months to commence *in futuro*, the renting was effected by mail, and the correspondence offered in evidence expresses the consideration. The note and correspondence must be construed together, and, together, they comply with the requirement of the statute.—*Jenkins v. Harrison*, 66 Ala. 360; *Robbins v. Webb*, 68 Ala. 393; *Adams v. McMillan*, 7 Port. 73; 1 Gr. on Ev. § 268. The statute (Code, § 2121) requires that the *party to be charged* should subscribe, *not* that both parties to the agreement should sign. Almost this precise question was decided in *Rhodes v. Stow*, 7 Ala. 346. Though Mrs. Smith's agent conducted the correspondence by which the lease was made, and it does not appear that she signed any contract in person, or authorized her agents in writing to do so, the lease contract is not void, nor the note without consideration. *Mrs. Smith's acceptance* of the rent note satisfied the statute of frauds. In

Benj. on Sales, 3d Am. Ed., § 253, p. 226, occurs the fol-
lowing : "There are many decisions, of both the equity
and common-law courts, in England, to the effect that,
although, according to the statute of frauds, a memoran-
dum in writing is required to evidence a sale of land, it
need only be signed by the party sought to be charged
thereby, and that the other party may accept by parol ; and
that if he do so, he may maintain an · action at law, or a
suit in equity, to enforce the contract."—See, also, 9 Allen,
474 ; 1 Gr. Ev. § 268 ; 3 Taunt. 169 ; 2 Kent. (mar.) 510.
Kent says : "The signing of agreement by one party only
is sufficient, provided it be the party sought to be charged."

6. *As to the pleadings :* The charges asked by the de-
fendants were properly refused. All the charges asked by
defendants were faulty, in this, that each of them grouped
or summarized the evidence tending to discharge the de-
fendants from liability, while the evidence tending to show
that the plaintiff acquired the note sued on before the sale
of the leased premises, was ignored and excluded. The
charges requested required to be qualified, and the court
was not bound to qualify them.—*Reese v. Beck*, 24 Ala. 652 ;
also, 1 Brick. Dig. 344, §§ 130-5. The demurrer to de-
fendants' plea was properly sustained, as it answered only
a part of the complaint, failing to answer so much of the
complaint as alleged that plaintiff was transferree of the
note before the sale to C. D. Oliver. Moreover, the defend-
ants got the benefit of their plea under the general issue,
and under the issue presented by plaintiffs' replication ; so
that, if there was error, it was without injury.—*Smith v.
Moore*, 73 Ala. 542 ; *Goggin v. Smith*, 35 Ala. 683 ; *Rake v.
Pope*, 7 Ala. 161.

CLOPTON, J.—When this case was before us on a former
appeal (78 Ala. 158), the general issue was the only plea
shown by the record ; and the defense relied on was, that
the rent as incident to the reversion passed by the sale and
conveyance of the land to one of the makers of the rent
note, such conveyance having been made by the lessor after
the making of the rental contract, and before the term com-
menced. We then held, that the note being assignable, its
transfer to the plaintiff, on a valuable consideration, before
the sale and conveyance, vested in the plaintiff the owner-
ship of the note, which was not divested by the subsequent
conveyance of the land, the grantee having notice of the
rental contract. No plea was interposed setting up the
statute of frauds, or a want of consideration ; and the
record raised no question as to the validity of the contract,

or its capability of enforcement against the lessor. The sole contention was, which party was entitled to the rent. After the cause was remanded, special defense of want or failure of consideration was made, both by plea, and by requesting charges, which present other and additional questions.

The statute declares void every agreement which, by its terms, is not to be performed within one year, "unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing."—Code, § 2121. A parol agreement for a lease of land for the term of one year, to commence at a future day, is within the statute. No agreement, nor note or memorandum thereof in writing, was subscribed by Mrs. Smith, from whom the land was rented, nor by any one lawfully authorized in writing. On this ground, the first proposition of the defense is based, that the parties were never brought into reciprocal binding relations, and there was no mutuality of contract. The proposition rests on a mistaken view of the contract, and of the operation of the statute. The consideration of the promise of defendants to pay rent is not a parol promise *to lease*, but a parol lease of the land, with an implied covenant that the premises shall be open to the entry of the lessee. Mutuality of contract exists, though it may rest in parol. It is capable of enforcement against the party to be charged, if he has subscribed the agreement, or note or memorandum thereof, expressing the consideration, in writing, though there may have been a failure to obtain the signature of the other party. The purpose of the statute is to prevent fraud and perjury, by excluding the contract from the operation of verbal testimony. The defect of mutuality relating to the remedy, and to the evidence requisite to the enforcement of the contract, it does not arise at law, where the statute only requires the signature of the party to be charged.—Reed on Stat. Frauds, § 365. The general expressions in *Flinn v. Barber*, 64 Ala. 193, cited by counsel, must be referred to and qualified by the case under consideration, which is a suit brought by the vendee to recover money paid on a purchase of land, the contract of sale being wholly in parol as to both parties. In the subsequent case of *Heflin v. Milton*, 69 Ala. 354, the rule is regarded as well settled, that the agreement, or note or memorandum, need not be subscribed by both parties; and if subscribed by the party to be charged, he is estopped to deny the execution or validity of the instrument, because it is not sub-

scribed by the other party. The then Chief-Justice, who also rendered the opinion in the former case, says : "The agreement or contract is mutual, but the party seeking its enforcement has neglected to take from the party against whom it is to be enforced, the evidence which the statute required must exist before it can be enforced. Though he may have given such evidence, and rendered it possible that the contract may be enforced against him, he has but his own folly or *laches* to blame, that he has not taken the character of evidence which will enable him to demand performance of the contract. The difficulty is, not that the contract or agreement is not mutual, but that each party has not corresponding evidence of it."

The negotiations for the rent of the land were conducted by correspondence between H. L. Oliver, the lessee, and Fowler, the agent of Mrs. Smith. The memorandum subscribed by Oliver consists of the note, and a letter in which it was inclosed, written and sent to Fowler. It is true, that when the memorandum consists of two or more writings, parol evidence is inadmissible to connect them; there must be a reference in the one to the other. But, while the contract must all be collected from the writings, without the aid of parol evidence, when there is a clear reference in the one to the other, such evidence is admissible to identify the writing referred to.—*Beckwith v. Talbot,* 95 U. S. 289 ; Reed on Stat. Frauds, § 341. The note and the letter, combined, express the consideration sufficiently.—*Smith v. Freeman,* 75 Ala. 285.

The second proposition of the defense is, that Mrs. Smith, by the sale and conveyance of the land, disabled herself to perform the contract on her part, whereby the lessee was authorized to abandon or withdraw from it, and that he was compelled to rent a portion of the premises from her grantee, under whom he entered into possession, and to whom he paid rent. It may be conceded, that if Mrs. Smith disabled herself to perform the agreement, and the lessee was thereby compelled to rent from her grantee, there is a want or failure of consideration. The argument is, that by the conveyance the grantee became entitled to immediate possession, and that Mrs. Smith disarmed herself of the power to eject him, or to put her lessee in possession, or to continue him in possession. If there was no valid reservation, express or clearly implied, the legal effect of the conveyance would be to transfer the right of possession. But the purchaser executed to Mrs. Smith a mortgage on the land, to secure the purchase-money, which was delivered cotemporaneously with the deed. By the deed and mort-

gage, the legal estate passed instantaneously in and out of the grantee. By our settled rulings, a mortgage conveys the legal estate, and operates a transfer of the right of possession; and the mortgagee may enter, or recover in ejectment, unless by express stipulation, or inconsistent reservation, or reasonable implication arising from expressed conditions, the mortgagee's right to possession is postponed until default, or some future time.—*Woodward v. Parsons*, 59 Ala. 625; *McMillan v. Otis*, 74 Ala. 560; *Heflin v. Slay*, 78 Ala. 180. When a lease has been made, a subsequent mortgage, which conveys the legal estate, and operates to transfer the right of possession, binding the whole realty, carries with it, there being no effectual severance, the subsequently accruing rents, but with a liability to account. *Coffee v. Hunt*, 75 Ala. 236. The mortgage is silent as to possession, and contains no express provisions for a postponed or future entry. The law-day of the mortgage is the time of the maturity of the notes secured, and confers power of sale on default of payment, unaccompanied by any provision to enter or take possession. Whether from these mere provisions, in the absence of special circumstances discovering the understanding of the parties, any inference may be drawn that right of possession was intended to be postponed, it is unnecessary to decide.

Such being the character of the conveyances, their effect and operation should be considered in the light of the attendant facts and circumstances, and the intention of the parties ascertained; and if, when so considered, the deed was accepted in subordination to the lease as valid and operative, and the mortgage back executed, the deed does not operate to disable Mrs. Smith to perform her contract of lease, and the right of possession of the purchaser is postponed until its expiration. A potent fact is, that the grantee of Mrs. Smith was a surety on the rent note at the time of the purchase, and of the making of the conveyance. To this extent, he was a party to the contract of lease, knew of its existence, and was bound for the payment of the rent. The first note for the purchase-money was made payable January 1, 1881, without interest, and the notes maturing thereafter bore interest from that date; which Fowler testified, without being contradicted, was done because, the land being leased for 1880, possession could not be given to the purchaser, and, in consequence thereof, he agreed that no money or interest should be paid, or begin to accrue, until the expiration of the lease. If these be the facts, the purchaser took the conveyance subject to the lease, and in recognition of its validity,—a conveyance of the reversion.

*Comer v. Sheehan*, 74 Ala. 452. In such case, the grant of the reversion does not abrogate the lease.—*Otis v. McMillan*, 70 Ala. 46. Having accepted the conveyance, subordinated to the lease, and in recognition of it as valid, the purchaser is now estopped to dispute its validity ; nor can he avoid it because not in writing subscribed by Mrs. Smith, so long as she declines to take advantage of the statute. – *Kennedy v. Brown*, 61 Ala. 296; *Shakespeare v. Alba*, 76 Ala. 351. The conveyance to the *surety* on the rent note, with such mortgage back, does not, under the circumstances, operate to arm the purchaser with power to legally prevent the performance of the contract of lease. The only question in respect to the rent, which can arise on the conveyance and mortgage, the rent note having been previously transferred, is, whether the purchaser or the transferree is entitled to the rent ; which brings the case within the operation of our ruling on the former appeal. If Mrs. Smith was liable, as mortgagee, to account to the mortgagor, he can not satisfy the mortgage debt without holding her to account, after notice of the transfer of the rent note, and successfully resist its payment in the hands of the transferree.

The other postulate of the proposition of the defense, that the lessee was compelled to rent the premises from the vendee, being dependent on the position that Mrs. Smith had disabled herself by her voluntary act, falls with the proposition of disability. An attornment of the tenant to a stranger, in the absence of circumstances rendering the attornment effectual, does not operate to destroy the possession of the landlord.—*Kennedy v. Reynolds*, 27 Ala. 364. There can be no question, that the rent note was supported by a sufficient consideration at the time it was made and sent to the agent of Mrs. Smith. Of course, without the coöperation of some effectual act on her part, the consideration can not be impaired or defeated by a subsequent agreement or arrangement, uncommunicated to her, and of which she had no notice, between the principal in the note and his surety thereon.

On the undisputed evidence, and admitting the material facts as testified to by defendants and their witnesses, the defense of want or failure of consideration is not sustained. Conceding that the matters in avoidance of the special plea should have been presented by replication, and that the demurrer was improperly sustained, it is error without injury, as the defendants had, under the general issue, without objection, the full benefit which could have been derived from the special plea.

Affirmed.