CASE 24—ACTION BY HENRY HYDEN AGAINST S. V. PERKINS, &C., TO ENFORCE A CONTRACT FOR THE PURCHASE OF LAND.—DEC. 2.

## Hyden v. Perkins, &c.

APPEAL FROM PULASKI CIRCUIT COURT—M. L. JARVIS,· CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

VENDOR AND PURCHASER—CONTRACT OF SALE—EXECUTION—DESCRIPTION OF LAND SOLD—SIGNING BY PURCHASER.

1. A contract for the sale of land, describing it as a farm consisting of about 20 acres, known as the "V. Farm," was not void for insufficiency of description, since parol evidence was only required to show what land was known by the name used, and

Hyden v. Perkins, &c.

was not required for the purpose of showing what the parties meant, as between two or more parcels.

2. It is not necessary to the validity of a contract for the sale of land that it should be signed by the purchaser

O. H. WADDLE, ATTORNEY FOR APPELLANT.

The ruling of the court below was based on the idea that the instrument executed by Perkins did not give a sufficient description of the land to take the contract out of the statute of frauds and that is the single question here for review.

1. We submit that the receipt in this case is dated at Somerset, Ky., and the land described as about 20 acres known as the "Vaught Farm." The petition for the purposes of conveyance gives the metes and bounds, courses and distances, and that it lies in Pulaski county, Ky. The appellees make no claim that Perkins, the vendor, had more than one farm known as the "Vaught Farm," nor do they suggest any uncertainty as to its identification, and yet with the appellant's money in their pocket, which they refuse to return, they attempt to hide behind a statute intended to prevent fraud, and invoke its protection in the commission of a fraud themselves.

2. It is only by construction of the statute that an uncertain description is held to bring such contracts within the statute, and to prevent fraud and enforce such contracts, especially in cases of part performance, the courts are quick to seize upon any fact that will justify their enforcement and resolve doubts in favor of their validity.

### AUTHORITIES CITED.

Ellis v. Deadman, 4 Bibb, 466; Overstreet v. Rice, 4 Bush, 1; Jones v. Tye, 93 Ky., 390; Tyler v. Ontzs, 93 Ky., 331; Henderson v. Perkins, 94 Ky., 207; Handley v. Blackford, 1 Dana, 1; Fugate v. Hansford, 3 Litt., 262; Winn v. Henry, 34 Ky., 48; Miller v. Antle, 2 Bush, 407; Alford v. Wilson, 95 Ky., 506; 1 Story's Equity, sec. 759.

W. A. MORROW AND J. W. COLYAR, ATTORNEYS FOR APPELLEES.

The instrument on which this action is founded is a receipt for $20, first payment, and (omitting the terms of deferred payments) an agreement to deed to Hyden a farm of about 20 acres known as the "Vaught Farm."

1. A demurrer was sustained to the petition, and, as we contend properly, because there is no sufficient description of the

property to identify it without resorting to parol testimony. It is, therefore, within the statute of frauds and not enforcible.

2. There is no statement as to the State or county in which the land is situated, nor is it stated to be the property of ap-pellee Perkins. It is simply an agreement to convey the Vaught land, whether in Kentucky, Indiana or Ohio does not appear.

AUTHORITIES CITED.

Civil Code, sec. 90; 20 Law Rep., 590; 93 Ky., 390; 23 R., 1882; 24 R., 1641.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On October 15, 1900, appellee, S. V. Perkins executed to appellant, Henry Hyden, the following writing: "Received of Henry Hyden $20.00 first cash payment on farm of about twenty acres known as the Vaught farm. I hereby agree to deed to said Hyden said land on payment of an additional $105.00, payable as follows: $25.00 in six, twelve months, and $30.00 in eighteen months, and $25.00 in twenty-four months from this date with interest at six per cent. When said sum of $125.00 and interest has been paid I hereby agree to transfer to said Hyden by deed of general warranty said Vaught land consisting of about twenty acres and agree to give possession by January 1, 1901. S. V. Perkins." On February 10, 1903, Hyden filed this action, setting up the writing, alleging that he had paid the $20 on the day it was executed, and agreed to pay her the additional sum of $105, payable in 6, 12, 18, and 24 months, as set out in the writing, and in consideration of this she had executed to him the writing; that he afterwards tendered her the $105, with interest, and demanded of her that she should convey him the land and put him in possession of it, and this she refused to do, though she retained the $20 he had paid her; that after his purchase of the land, in violation of her contract, she had sold and conveyed the land

to appellee Sol Turpin; and that Turpin had full notice of his purchase, and of the writing executed to him. He prayed a specific performance of the contract, alleging that he was ready, willing, and able to pay the balance of the purchase money. The court sustained a demurrer to the petition, and, the plaintiff declining to plead further, dismissed the action.

In sustaining the demurrer to the petition, the court proceeded on the idea that there was no sufficient description of the property to identify it without resorting to parol evidence; and in support of this view we are referred to Linville v. Langford, 47 S. W., 248, 20 Ky. Law Rep., 590; Jones v. Tye, 93 Ky., 390, 14 R., 448, 20 S. W., 388; Wortham v. Stith, 66 S. W., 390, 23 Ky. Law Rep., 1882.

In Linville v. Langford, the action was brought against the widow and heirs at law of Solomon Langford upon two receipts signed by Reuben Langford, and by him alone. The writings were held insufficient because they did not purport to be contracts on behalf of the widow and heirs at law of Solomon Langford, but only the individual contract of Reuben Langford. After so stating, the court concludes its opinion with these words: "There being no written evidence of any contract for sale of the lands in controversy by or on behalf of the widow and heirs at law of Solomon Langford, appellant has stated no cause of action against them, and the demurrer to his petition was properly sustained." In Jones v. Tye it was held that a receipt for purchase money, describing the land as "adjoining the McKibley land," was insufficient. In that case appellant insisted that the land referred to was one tract, and appellee that it was a different tract. It was held that there was not enough in the writing to identify the land sold. Here the description in the writing was insufficient to identify the tract sold,

and left it a matter of doubt which of two tracts owned by the vendor was referred to.

In Wortham v. Stith the only description of the land contained in the writing was that it was "one hundred and fifteen acres of land which I have this day sold him." Here there was nothing to describe what land was sold by the vendor, except that it was 115 acres. There was nothing to identify the 115 acres that was included in the sale. In the case before us the contract was signed by S. V. Perkins, who owned the land, and therefore Linville v. Langford has no application. The tract which was agreed to be conveyed is described as a "farm of about twenty acres known as the Vaught farm." This is a very different description from a bare statement that the land sold adjoins another tract, or that it consists of a certain number of acres. The general rule as to the sufficiency of description is thus stated in Browne on the Statute of Frauds, section 385: "But the subject-matter may in any case be identified by reference to an external standard, and need not be in terms explained. Thus to describe it as the vendor's right in a particular estate, or as the property which the vendor had at a previous time purchased from another party, is sufficient. And it is very common to identify the debt of a third person, for which the defendant has made himself responsible, as the debt then owing or to become owing by such third person to the plaintiff, without further description. Where the memorandum described the land as the estate owned by the seller on a certain street, and it appeared that he owned two estates on that street, to either of which the description might apply, the memorandum was held insufficient." So, in Wood on Statute of Frauds, section 353, it is said: "But where the writing, within itself or by reference to other writings, contains sufficient data, so that by the aid

of parol evidence no question as to the intention of the party can arise, it is sufficient. Thus a memorandum describing the property as 'my estates' located in certain towns is sufficient, if it is shown that the party owned no other estates in the towns named, because the writing can be definitely applied to the subject-matter, by the aid of parol evidence, without raising any question as to the real intention of the party, except such as is apparent from the writing itself. So such descriptions as 'the land bought of Mr. Peters,' 'Mr. Ogilvie's house,' 'the property in Cable street,' or 'a house on Church street,' or 'the house in Newport,' 'my house,' 'the intended new public house at Putney,' 'the mill property, including cottages in Esher village,' have been held to be sufficient." In Mead v. Parker, 15 Am. Rep., 110, the writing describes the land as a house on Church street. Holding this to be sufficient, the court said: "The most specific and precise description of the property intended requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties, and their relation to each other and to the property, as they were when the negotiations took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement. That parol evidence is competent to furnish these means of interpreting and applying written agreements is settled by the uniform current of authorities." To same effect, see Hurley v. Brown, 98 Mass., 545, 96 Am. Dec., 671, and Smith v. Freeman, 75 Ala., 285. In Greenleaf on Evidence, section 287, it is said: "In the simplest case that can be put,

namely, that of an instrument appearing on the face of it to be perfectly intelligible, inquiry must be made for a subject-matter to satisfy the description. If, in the conveyance of an estate, it is designated as Blackacre, parol evidence must be admitted to show what field is known by that name. Upon the same principle, where there is a devise of an estate purchased of A., or of a farm in the occupation of B., it must be shown by extrinsic evidence what estate it was that was purchased of A., or what farm was in the occupation of B., before it can be known what is devised." The decisions of this court are in accord with these principles. A number of decisions on this subject are collected in Moayon v. Moayon, 114 Ky., 855, 24 R., 1641, 72 S. W., 33. In Ellis v. Deadman's Heirs, 4 Bibb, 466, the writing was merely a receipt, and was held insufficient because it failed to specify the terms of the agreement. In Tyler v. Onzts, 93 Ky., 335, 14 R., 321, 20 S. W., 257, the court said: "The test of the validity of a contract under that statute uniformly applied by this court is that the memorandum or note thereof should be so complete and full the meaning thereof may be ascertained and enforced without aid of extrinsic verbal testimony." Similar expressions occur in other cases. But in saying this, the court had in mind only what was held in Ellis v. Deadman and the subsequent cases—that the writing must contain the terms of the agreement. It did not mean to intimate that the property sold might not be indicated in the writing by a general designation, if sufficient to identify it by the aid of parol evidence showing to what property this designation or name applied. For in Tyler v. Onzts the writing was held sufficient, and the property was there designated as "lot 4, block 9, N. E., in Middlesboro, Ky.," and the court quote with approval Fugate v. Hansford's Ex'rs, 3 Litt., 262, where a writing was held sufficient,

describing the property as lot 32 in Carlisle, Ky. In Winn v. Henry, 84 Ky., 48, 7 R., 693, the property was described in the writing as "Silver Lake place near Washington, Ky., containing 52 acres, more or less." This was held sufficient. So in Henderson v. Perkins, 94 Ky., 207, 14 R., 782, 21 S. W., 1035, where the property was described as "my home place and storehouse," the writing showing that both the parties were of Rocky Hill, Ky.

It is not necessary that the purchaser sign the writing. Fugate v. Hansford's Ex'rs, 3 Litt., 262; Lewis v. Grimes, 7 J. J. Marsh., 336. The fact that the writing does not show in what county the Vaught farm is situated is immaterial, if it can be shown that there was a property known as the Vaught farm, consisting of about 20 acres. That is certain which may be made certain. But if there were two farms to which this description would equally apply, then parol proof would be incompetent to show which of the two the parties intended to designate. In other words, when the description given in the writing is so uncertain that parol proof must be admitted to show what the parties meant, as between two or more things to which the description given in the writing would equally apply, then the contract is within the statute. But when the property is designated by a general name, parol proof may be given to show what property was known by this name.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the petition.