## Ferguson v. Cabell.

(Decided January 11, 1911.)

## Appeal from Henderson Circuit Court.

Contract—Sale of Lot—Description—Possession of Vendor—Acquiescence of Vendor.—This is a controversy over the sale of a lot on which to build a church which is claimed to be void for uncertainty. Held, the words, "one lot with a blacksmith shop thereon," sufficiently described the property sold when the contract was executed, by the vendees taking possession thereof and holding it with the acquiescence of the vendor.

THOS. E. WARD for appellant.

MONTGOMERY MERRITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

A. H. Cabell owned a lot in Henderson, Kentucky, on which stood a blacksmith shop. He rented it to the trustees of a church to be used for church purposes, and while they were using the property sold it to them, executing the following written contract:

"Henderson, Ky., June 29, 1908.

"Whereas I have agreed to sell Geo. Scott, and J. A. Ferguson, and Henry Hamilton and Frank Cole, Trustees for the Church of the Living God, one lot with blacksmith shop thereon, for the sum of three hundred and fifty dollars; $15.00 cash in hand paid: ten dollars to be paid on or before July 29, 1908, and seven dollars and fifty cents to be paid monthly in advance, which will be credited on said purchase price, in case said parties fail to pay as agreed, what has been paid will be forfeited as rent."

They took possession of the property under their contract and spent several hundred dollars in fixing up the house. After this had been done, a dispute arose between them and Cabell as to what he had sold them, they claiming that he had sold them the entire lot which had a front of about fifty feet, and ran back two hundred feet, he claiming that he had sold them only the ground on which the blacksmith shop stood or a front of twenty-five feet, running back one hundred feet. They then brought this suit against him in which they set out the contract, and prayed that he be required to convey them the lot upon the payment of the purchase money alleging that they were ready to pay, and had offered to pay the money, but he had refused to make them a deed for the lot. He filed an answer in which he denied the allegations of the petition; proof was taken, and on final hearing the circuit court held that Cabell had sold them a lot twenty-five feet by one hundred feet as claimed by him, and he ordered this lot sold for the balance of the purchase money. The lot was sold, and Cabell bought it. The trustees appeal.

Cabell did not make his answer a counter-claim; he did not ask in his answer any affirmative relief against the plaintiffs and was not under the pleadings entitled to a judgment against them for the purchase money or for an enforcement of a lien on the land.

The writing which Cabell executed to the trustees is not void for uncertainty. The words "one lot with blacksmith shop thereon" sufficiently describes the property

which he sold, when the contract was executed, by the vendees taking possession and holding it with the acquiescence of the vendor under their contract. In Henderson v. Perkins, 94 Ky., 207; Moayon v. Moayon, 114 Ky. 855; Hyden v. Perkins, 119 Ky. 188, the sufficiency of a writing like this is fully discussed, and the purchasers having taken possession under the contract, and held under it up to the bringing of the suit with the acquiescence of the seller, he cannot now rely upon the statute of frauds. (Overstreet v. Rice, 4 Bush, 1.)

It remains to determine what was "one lot with blacksmith shop thereon." The proof is uncontroverted that Cabell owned the lot on which the blacksmith shop stood fronting on the street about fifty feet and running back two hundred feet. The great weight of the evidence is to the effect that he pointed out the boundary of the lot to the purchasers, and sold them the entire lot. If he had sold them less than the whole lot certainly he should have so expressed it in the writing. No other witness introduced in the case sustains Cabell's version of the transaction. All the other witnesses state that he sold the entire lot on which the blacksmith shop stood, and the circumstances proven, sustain their testimony. It is true that the proof shows that he said that an alley would have to come off, and that five feet would be taken off for this purpose. But there is no evidence that anything else was excepted. The remainder of the lot after cutting off this five feet is the "lot with blacksmith shop thereon" which Cabell sold the trustees. The Circuit Court should so have adjudged, and should have entered a judgment directing the trustees to pay into court in a reasonable time the purchase money, and when the money was paid he should have directed a deed made to them by Cabell for the property. If on the return of the case the plaintiffs do not pay the purchase money into court in a reasonable time, and Cabell amends his answer, asking this relief, a judgment may be entered enforcing Cabell's lien on the property for the balance of his purchase money. As Cabell bought at the judicial sale, under the judgment which is now reversed, the circuit court will set aside that sale as he cannot be permitted to obtain an advantage by the erroneous judgment which he obtained. (Hess v. Deppen, 125 Ky., 424.        )

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.