## Hendrix v. Lewis.

(Decided June 13, 1919.)

### Appeal from Leslie Circuit Court.

1. Damages—Removal of Trees—Directed Verdict.—Plaintiff seeking damages resulting from the removal of trees from property which he claims to own must show title or right in himself to said property, either by ownership or possession thereof, and in the absence of this proof the court should direct a verdict for the defendant.

2. Deeds—Description—Parol Evidence.—Where a description in a deed contains sufficient data so that by the aid of parol evidence no question as to the intention of the parties can arise, the de-

scription will be held sufficient. In such cases parol evidence is admitted not to identify but to designate the subject matter already identified in the minds of the parties in the language of the contract when read in the light of the facts.

LEWIS & LEWIS and CLEON K. CALVERT for appellant.

J. B. MINIARD and L. D LEWIS for appellee

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

The appellee claiming to be the owner of certain property on the waters of Wooten creek of Cutshin and the middle fork of the Kentucky river, filed this suit claiming that appellant had entered upon his land and removed therefrom and converted to his own use certain trees, of the aggregate value of $87.00.

The allegations of the petition as amended were denied by appellant, who in turn asserted ownership of the land from which the trees were removed. It is further alleged in the answer that the boundary or land claimed by appellant laps upon and interferes with the appellee's boundary, as set out in the petition.

The case was submitted to a jury who found in appellee's favor in the sum of $40.00, and from this judgment appellant has appealed.

Appellee claimed (1) under what is known as the Hiram Wooten Patent No. 8361; (2) a deed from Wooten to Reuben Bailey and (3) a deed from the latter to appellee. There is no contest about the patent, which contains 100 acres. The deed from Wooten to Bailey embraced 75 acres of the Wooten patent, the description in the deed being as follows:

"Beginning at a big rock at James Bailey's mill seat, running up Wooten's creek so as to hold all the land owned by said Hiram Wooten on the side of the creek that said Reuben Bailey holds."

This statement appears in appellant's brief:

"The locality mentioned is one side or the other of Wooten's creek, we don't know which, and neither will the court." And then counsel adds:

"There is nothing in evidence identifying any 'big rock' or the place where James Bailey's mill site was, or on which side of the creek Reuben Bailey held, or what land, if any, Hiram Wooten had on either side of the creek."

With this statement we agree. Appellee has not shown title or right in himself, either by ownership or possession of the property from which he claims the trees were removed, and in the absence of this proof the court should have directed a verdict for appellant.

The question is raised as to whether the description in the deed from Wooten to Bailey is sufficient. The rule on this subject is thus stated in Bates v. Harris, 144 Ky. 399: "That where the writing within itself, or by reference to other writings, contains sufficient data so that by the aid of parol evidence no question as to the intention of the parties can arise, it is sufficient. The most specific and precise description of the property requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties and their relations to each other and to the property, as they were when the negotiations took place and the writings made, are disclosed, if the meaning and application of the writing, read in the light of these circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement." Wood on Statute of Frauds, sec. 353; Mead v. Parker, 15 Am. Rep. 110; Hyden v. Perkins, et al., 119 Ky. 188.

After referring to a number of other cases the court then states: "In all such cases parol evidence was admitted not to identify, but to designate, the subject-matter, already identified in the minds of the parties, in the language of the contract when read in the light of the facts."

The deed to Bailey conveyed 75 acres on the side of the creek on which Reuben Bailey holds, and from a map filed in the record, taking Cane Branch as a dividing line, the major portion of the Wooten patent appears to be to the west of said branch, hence the 75 acres would not include the property in contest, as the location of the trees is to the east of the branch. There is not sufficient proof to enable the court to locate, with any degree of certainty or definiteness, the Wooten patent. The surveyor appointed by the court has explained the map in detail, and has indicated thereon the Wooten survey as contended by the appellee, and also according to the con-

tention of the appellant, and he is in doubt as to which is correct; the map gives the location of the trees.

Instruction 1, given by the court, is also complained of. If upon a retrial of this case the evidence is the same as on the first trial the court will give a directed verdict for the appellant, but if the appellee, in addition to the evidence now in the record, introduces proof showing that the 75 acres conveyed by Wooten to Bailey, through whom he claims, embrace the land from which the trees were removed, the court will submit the case to the jury and will modify instruction No. 1, given on the first trial, so that it will read as follows:

"If you believe from the evidence in this case that the timber sued for and described in the evidence or some portions of said timber was cut from the land embraced in the Hiram Wooten survey dated February 27, 1845, also from the land embraced in the deed from Hiram Wooten to Reuben Bailey, dated December 29, 1866, both of which were introduced in evidence, then you will find for the plaintiff, Larkin Lewis, the reasonable fair market value of such timber at the time and place it was cut, as you shall believe from the evidence was cut from the land embraced in said survey and deed not to exceed $87.00, the amount sued for, and unless you so believe you will find for the defendant."

For the reasons indicated the judgment of the lower court is reversed for further proceedings not inconsistent with this opinion.