CASE 55—ANNEXATION OF TERRITORY TO MUNICIPALITY.—
OCTOBER 6.

## Town of Latonia v. Hopkins, Etc.

APPEAL FROM KENTON CIRCUIT COURT.

1. PRACTICE—AMENDED PLEADING.—In an action under Kentucky Statutes, section 3665, protesting against annexation of territory to a city of the sixth class, brought against the trustees of the city it is within the discretion of the trial court to permit an amended petition to be filed making the city a party defendant.

2. REMONSTRANCE SIGNED BY LESS THAN SEVENTY-FIVE PER CENT. OF RESIDENT FREEHOLDERS.—Where less than seventy-five per cent. of the resident freeholders residing in the territory proposed to be annexed remonstrate, the trial court may hear and determine the case on the question of whether the annexation will be to the interest of the town without material injury to the residents of the territory sought to be annexed.

3. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY.—It is not error to refuse to annex territory to a city of the sixth class where it appears that the territory sought to be annexed is chiefly farming lands, sparsely settled and·without streets and where it is apparent that such annexation would not be a benefit to the municipality although less than seventy-five per. cent. of the residents freeholders in the territory sought to be annexed have remonstrated.

Town of Latonia v. Hopkins, &c.

TISDALE & GRAY FOR APPELLANT.

1. The original petition against the trustees of Latonia was bad, and the court had no power to permit an amendment making the municipality a defendant.    Hill v. Barrett, 14 B. M., 67; Richmond, &c., T. P. Co. v. Rogers, 7 Bush, 532; L. & P. Canal Co. v. Murphy, 9 Bush, 522; Young v. Barden, 90 N. C., 424. Upon entry of the judgment establishing Latonia as a town it became a municipality and liable to sue and be sued (secs. 3660-3716), and the statement of a cause of action against it was not properly an amendment to an attempted statement of a cause of action against its trustees.

2. The question of limitation of the action set up in the amended petition may be raised by demurrer.    Stillwell v. Leavy, 84 Ky., 379.

3. The facts authorized the annexation.

SAME COUNSEL IN A PETITION FOR A REHEARING.

M. H. McLEAN AND WILLIAM GOEBEL FOR APPELLEES.

1. The proposed annexation was against the spirit and intention of sections 3713, 3714 and 3715 of the Kentucky Statutes.

2. The amended petition was within section 134, Civil Code; Enc. of Pl. & Pr., vol. 2, p. 65.

3. The court could properly determine the question of benefits and injury notwithstanding the fact that less than seventy-five per cent. of the freeholders signed the remonstrances.    Ky Stats, sec. 3665.

4. The court ought not to permit annexation of territory which the municipality should be powerless to tax.    Sharp v. Dunavan, 17 B. M., 223; Maltus v. Shields, 2 Met., 553; Arbegust v. Louis-ville, 2 Bush, 271; Board of Elkton v. Gill, 94 Ky., 138 (14 Ky. Law Rep., 755); Parkland v. Gaines, 88 Ky., 562 (11 Ky. Law Rep., 64); Board of Trustees of Beattyville v. Daniel, 15 Ky. Law Rep., 793; Briggs, Trustee, v. Town of Russellville, 18 Ky. Law Rep., 389; Swift v. Newport, 7 Bush, 37; Cheaney v. Hooser, 9 B. M., 330; Elkton v. Gill, 94 Ky., 138; Graham v. Con-ger, 85 Ky., 582; City of Covington v. Southgate, 15 B. M., 491.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The town of Latonia was established by judgment of the Kenton Circuit Court on July 10, 1896. It belongs to the sixth class, and at the time of its incorporation included within its boundaries twenty-six acres, and a population of about 275 persons. Immediately upon its organization the town trustees passed an ordinance, under section 3664, Ky. Stats., annexing 1,050 acres of the surrounding territory. On August 4, 1896, appellee and other freeholders of the territory sought to be annexed filed their petition in the Circuit Court of the county, setting forth reasons why such territory should not be annexed, and making the appellants, who had been appointed by the Kenton Circuit Court trustees of the new municipality, defendants in their official capacity. Process issued and was served upon each of them. Subsequently, by permission of the court, the original petition was amended by making the town itself a defendant in its corporate name. The pleadings were made up on the issues raised by the petition of the residents of the territory proposed to be annexed, and a great deal of proof was taken thereon; and upon submission and hearing of the cause it was adjudged that "the territory set out and described in the ordinance of appellants should not be annexed to said town." And we are asked, upon this appeal, to reverse that judgment, on several grounds: First, that the remonstrance against annexation was not filed within thirty days after the passage of the ordinance proposing to annex the territory in question; second, that the failure of the petitioners to make the municipality a defendant in its corporate name was a fatal error, and that the court had no power or authority to permit the amendment in question. We think the court below acted

within its power in permitting this amendment, under section 134 of the Civil Code of Practice, as it did not in any wise change the issue, and was in furtherance of justice. Section 3665, Ky. Stats., provides that: "If the court be satisfied, upon the hearing of a proceeding of this kind, that less than 75 per cent. of the freeholders of the territory to be annexed have remonstrated, and that the adding of the territory to the town will be for its interest, and will cause no material injury to the persons owning real estate in the territory sought to be annexed or stricken off, it shall so find, and the said annexation shall be approved." It is admitted that less than 75 per cent. of the resident freeholders of the territory sought to be annexed failed to join in the remonstrance, but the statute does not make this failure a conclusive fact in favor of the annexation. On the contrary, it requires that the court should be satisfied that the adding of the territory to the town will be for its interest, and will cause no material injury to the persons owning real estate in the territory sought to be annexed. The proof shows that there are from 1,500 to 2,000 inhabitants in the territory sought to be annexed, and that the proposed extension embraces 1,050 acres of land, of which about 600 acres have been subdivided into lots by plats made by syndicates, but that there have been scarcely any streets built even in this portion of it, and that there are houses on only about one in ten of these lots, the balance of the 600 acres being used for agricultural purposes; and that about 450 acres of the 1,050 have never been platted, but have remained absolutely agricultural lands. It also shows that within the limits of the town of Latonia the territory is pretty thickly settled, and that this condition obtains for three or four squares west and for two

or three squares east, including Dinsmore Park, and also
for two or three squares on the north; while beyond
this distance the territory is exceedingly sparsely settled.
In our opinion, it would not be a benefit to the town itself
to annex such a vast scope of territory, as it would im-
pose upon the municipality the herculean task of providing
streets, sidewalks, light, and other necessities of munic-
ipal existence; and there can be no doubt but that the
annexation would result in very serious injury to the
people owning the bulk of this territory, as it would sub-
ject them to municipal taxation without receiving any cor-
responding benefit or advantage therefrom, because lands
situated within the corporate limits of a municipality are
not exempt from municipal taxation on the ground that
they are agricultural lands, sections 171 and 174 of the
present Constitution requiring taxes imposed by munic-
ipalities to be levied and collected from all property situ-
ated within the territorial limits of same.   See Board of
Councilmen v. Scott, 19 Ky. Law Rep. 1068 [42 S. W. 104];
Board of Council v. Rarick, 19 Ky. Law Rep. 1415 [43 S. W.
450]; and Gibson v. Town of Richmond, 19 Ky. Law Rep.
1568 [43 S. W. 684].   Section 3713, Ky. Stats., provides
that "no town shall become incorporated as such unless it
contains at least 125 *bona fide* inhabitants residing within
the boundaries proposed to be established for such town;
nor shall the boundary of any town or city, when incor-
porated, exceed one and one-quarter of a mile in each
direction necessary to form a square." ' The Legislature
intended, by these restrictions as to population and lim-
its, to prevent exactly what is attempted to be done in this
case—the unnecessary extension of town limits so as to
include outlying territory which would receive no substan-
tial advantage from the municipal government; and we do

not think there was any abuse, in the judgment rendered in this case, by the chancellor, of the discretion given him by the statute, in refusing to approve the proposed annexation. For the reasons indicated, the judgment is affirmed.