## HARDIN et al. v. CITY OF ST. MATTHEWS et al.

Court of Appeals of Kentucky.

May 29, 1951.

Rehearing Denied July 10, 1951.

Raymond C. Stephenson, Homer Parrent, Robert W. Meagher and Gilbert Burnett all of Louisville, for appellants.

Wilbur O. Fields, C. Maxwell Brown, Louisville, for appellees.

CULLEN, Commissioner.

This appeal is another instalment in the continued story of litigation concerning the governmental status of the populous area, commonly known as "St. Matthews," which adjoins the City of Louisville on the east.

On March 22, 1950, an area consisting of three and one-half blocks of residential property in the St. Matthews community was incorporated as the City of St. Matthews, a sixth-class city, pursuant to a judgment of the Jefferson Circuit Court. On the evening of the same day, the board of trustees of the new city met in the home of one of its members and adopted an ordinance proposing the annexation of a large territory consisting of substantially all of the residential area of the St. Matthews community, and the streets of the business district of the community. Five days later, on March 27, 1950, the board of trustees met again, and amended the annexation ordinance so as to exclude one tract of land, which is not in issue in this case. On April 18, 1950, a number of residents of the territory proposed to be annexed filed an action in the Jefferson Circuit Court, in the nature of a remonstrance proceeding protesting the proposed annexation, against the City of St. Matthews and the individual members of the board of trustees of the city. On April 21, 1950, the board of trustees again amended the annexation ordinance, so as to eliminate, from the territory proposed to be annexed, the homes and properties of of the plaintiffs in the remonstrance action.

The remonstrance action is before us on this appeal. In this action the remonstrating plaintiffs asked that the annexation ordinances be declared void, that the annexation not take place, that the individual defendants be enjoined from acting as officers of the city, and for a general declaration of rights. The City of Louisville filed an intervening petition in this action, asking that the incorporation of the City of St. Matthews be declared void, that the annexation ordinances be declared void, and that the rights of the City of Louisville to annex the territory in question, including the territory embraced in the City of St. Matthews, be declared paramount to the rights of the City of St. Matthews. Judgment was entered in the circuit court dismissing the petition and the intervening petition, and both the remonstrating plaintiffs and the City of Louisville appeal.

We will first take up the issues raised on the appeal by the remonstrating plaintiffs. They contend (1) that the original annexation ordinance of the City of St. Matthews, and the amendments thereto, are void because of failure to comply with the statutory requirements governing enactment, attestation and publication; (2) that the ordinances are void because their purpose was to circumvent KRS 81.040, restricting the area of territory that may be incorporated as a city; and (3) that the judgment approving annexation is erroneous because the record does not support the finding of the circuit court that the annexation would be for the interest of the City of St. Matthews and would cause no manifest injury to the residents of the territory sought to be annexed.

The fundamental question in controversy is whether the proposed annexation should take place. The third contention of the remonstrating plaintiffs gets to the real merits of the controversy, and we believe the case should be decided on that contention.

The annexation proceedings in question were instituted under KRS 81.240, relating to cities of the sixth class, which adopts by reference the provisions of KRS 81.110, relating to annexation of unincorporated territory by cities of the first class, with the

exception that in the case of sixth-class cities the issues are to be determined by the court and not by a jury. Less than 75 percent of the freeholders in the territory proposed to be annexed have remonstrated, with the result that annexation must be approved if the court finds that it "will be for the interest of the city, and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed". KRS 81.110(2). The lower court found that both of the statutory conditions were met, and approved the annexation. We are of the opinion that the court erred in finding that the annexation would be for the interest of the city.

The City of St. Matthews embraces an area of three and one-half blocks, having a population of less than 300 people. The area sought to be annexed embraces around 1,200 acres, or approximately two square miles, and has a population of between 15,000 and 20,000 people. The area sought to be annexed is predominantly residential, and there appears to be no prospect or desire for future commercial or industrial development. If incorporated it will be a city of residences, depending primarily upon ad valorem taxes for the needed services in the way of streets, lights, sewers, water, fire protection, police protection, recreational facilities, etc. It cannot be denied that it would be for the benefit of the St. Matthews community to have the advantages of a municipal government, through which provision could be made for supplying the services needed and desired in a populous residential area. Whether it is more advantageous, economically, socially and politically, for a residential area on the fringe of a city with commercial and industrial development to operate its own municipal government, or to become a part of the city and participate in the city government, is a question that is not before us. The question with which we are faced is whether it will be for the interest of the residential City of St. Matthews to annex the large residential area adjoining it.

We cannot escape the conclusion that the City of St. Matthews does not have sufficient body and substance, as a "city," to enable a judicial determination as to what its interests may be. At the time these annexation proceedings were instituted, the city was only a few hours old. It had no police force, fire department, water system or sanitation system. It had no money in the treasury, and had not levied taxes. It had no city clerk and no city office quarters. Whether it would succeed and thrive as a city was solely a matter of conjecture. Actually, it existed as a "city" in name only. It had none of the practical aspects of a city—no experience as a city —no substance as a city.

The philosophy of the law of annexation is that an organized, thriving, developing municipal unit should be enabled to grow and expand through extension of its territorial limits to include adjoining areas that are adapted to urban development. In Masonic Widows and Orphans Home v. City of Louisville, 309 Ky. 532, 217 S.W.2d 815, 819, this Court said: "The situation and conditions are to be considered from the standpoint of the whole— the city as an organized community and the suburban property as an unorganized community. It is to the interest of the city showing growth and expansion, particularly of a movement or trend of development, not to be placed in a strait jacket."

Here we have a city that is not an organized community in the sense of having an established, working organization, and one which has not been in existence long enough even to justify mention of the words "growth," "expansion," "movement," and "trend of development." How can it be said that it will be for the interests of such a city to annex even the smallest territory?

We are of the opinion that the annexation statutes, in authorizing annexation of territory by a "city," mean a city that has some substantial experience of existence and not one that has existed only for a matter of hours or days. The statutes contemplate a city in the sense of a going concern—one that has functioned as a city for a sufficient period of time to enable some rational projection of its future needs and prospects to be made. Throughout the annexation statutes there is evidence that

the legislature was thinking in terms of organized, operating cities. In cases where 75 percent or more of the freeholders object to annexation, the court is required to make a finding as to whether failure to annex will "retard the prosperity" of the city. Obviously the legislature had in mind that the court would determine, from the history and experience of the city, whether there was a tendency towards increased prosperity that might be retarded by failure to annex. The legislature could not reasonably have intended to require the court to speculate as to the possibilities of prosperity of a brand new city.

Even if it should be assumed that a judicial determination is capable of being made as to what will be for the interest of a city whose history is measured in terms of hours, we cannot find justification for a holding that it would be for the interest of such a city to annex territory containing 35 times the area, and 50 times the number of people, that are embraced in the city. In Town of Latonia v. Hopkins, 104 Ky. 419, 47 S.W. 248, a newly-incorporated city consisting of 26 acres with a population of 275 people was not permitted to annex a territory of 1,050 acres with a population of between 1,500 and 2,000 people. In Gilley v. City of Russell, 212 Ky. 798, 280 S.W. 101, 103, this Court refused to approve annexation, by the City of Russell, of a large area adjoining that city. In that case we said: "That a reasonable annexation of territory to the city of Russell might be of advantage may be readily understood, but we are positive that the annexation of this enormous area is wholly unnecessary, and would result in advantage to no one, but would on the contrary impose upon the municipality such obligations as might be seriously embarrassing."

We hold that the proposed annexation of territory to the City of St. Matthews cannot be found to be for the interest of the city, and therefore should not take place. This holding makes it unnecessary to pass upon the question of whether the board of trustees of the City of St. Matthews complied with the statutes in the enactment and publication of the annexation ordinances, and the question of whether the annexation procedure represented an invalid attempt to circumvent KRS 81.040.

The remonstrating plaintiffs sought an injunction restraining the individual defendants from acting as members of the board of trustees of the City of St. Matthews. We can see no ground upon which they could be entitled to such relief, and in any event the decision of the primary issue in the case eliminates any occasion for such relief.

The decision that the proposed annexation of territory by the City of St. Matthews should not take place, removes from consideration the question of whether the City of Louisville has a paramount right to annex the same territory.

There remains for consideration the issues raised by the City of Louisville as to whether the incorporation of the City of St. Matthews can be available as a defense to annexation by the City of Louisville of the territory *embraced in* the City of St. Matthews, and as to whether the incorporation of the City of St. Matthews should be declared void as a fraud upon the rights of the City of Louisville. These issues were in the nature of collateral issues interjected by the intervening petitioner in the main action between the original parties. The determination we have made of the issues between the original parties leaves the issues raised by the City of Louisville alone and apart.

The City of Louisville bases its claim to relief on the fact that at the time the City of St. Matthews was incorporated, there was in force and effect a judgment of the Jefferson Circuit Court adjudging that the City of Louisville, pursuant to an ordinance enacted in 1947, was entitled to annex the St. Matthews residential community, including the area that was incorporated as the City of St. Matthews. The circuit court judgment had been appealed to this Court, and an opinion reversing the judgment had been handed down, prior to the institution of the proceedings for incorporation of the City of St. Matthews, but by reason of a petition for rehearing, the mandate did not issue until after the City of St. Matthews was incorporated. See Engle v. City of Louisville, 312 Ky. 383, 227 S.W.

2d 407. The judgment was reversed on the ground that the 1947 Louisville annexation ordinance was invalid, because enacted within less than two years of a previous unsuccessful annexation proceeding, in violation of KRS 81.270.

Prior to the issuance of the mandate in the Engle case, but after the City of St. Matthews was incorporated, the City of Louisville enacted a new annexation ordinance, proposing annexation of most of the St. Matthews community, but excluding, among other things, "all legally incorporated cities and towns within the hereinbefore described territory." The new ordinance expressly repealed the 1947 ordinance. Following the enactment of the new ordinance, the circuit court dismissed the Engle case, on application of the City of Louisville, on the ground that the repeal of the 1947 ordinance made the case moot. Therefore, judgment pursuant to the mandate of this Court, holding invalid the annexation proceedings based on the 1947 ordinance, never was entered in the circuit court.

From the facts above related, it will appear that at the present time the City of Louisville is proceeding with its annexation program, as far as St. Matthews is concerned, under the new ordinance enacted in 1950. Whether annexation of any territory eventually will result from that program depends upon whether a remonstrance action against the 1950 ordinance is brought to trial, is decided in favor of the city, and the city then adopts a final annexation ordinance pursuant to KRS 81.110(4). There is an element of speculation as to what may transpire with respect to the Louisville annexation program. For us to decide now that the incorporation of the City of St. Matthews is not a defense to annexation by the City of Louisville would be to decide a question that future events may establish was not necessary to be decided.

■ Under Section 639a–6 of the Civil Code of Practice, this Court, on an appeal in a declaratory judgment proceeding, may direct a dismissal without prejudice in a case where a ruling on an issue is not considered necessary or proper at the time under all the circumstances. We are of the opinion that a decision on the issues raised by the intervening City of Louisville would be premature under the circumstances related.

The judgment is reversed upon both appeals, with directions to enter a judgment in favor of the remonstrating plaintiffs in conformity with this opinion, and with directions to enter a judgment dismissing without prejudice the intervening petition of the City of Louisville.

MOREMAN, J., not sitting.