CITY OF COLD SPRING, A Municipal
Corporation, of Campbell County,
Ky., Appellant,

v.

John LAYCOCK et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Rehearing Denied May 29, 1958.

James B. Meadows, George T. Muehlen-kamp, Newport, for appellant.

T. W. Hardesty, Chas. J. Melville, Newport, for appellees.

CLAY, Commissioner.

This suit protests annexation of surrounding territory by the sixth class city of Cold Spring. The case was tried by the court as KRS 81.240(2) directs, and the Chancellor denied the right of the city to annex.

Certain procedural questions are raised by the appellant city, but since they have no significant bearing upon the real issue in this controversy, we will not discuss them.

KRS 81.240 authorizes annexation by a sixth class city in the same manner as provided for a first class city. Under KRS 81.110(2), when less than 75 percent of the freeholders of the territory to be annexed have remonstrated, which is the situation before us, annexation shall be approved if it (1) "will be for the interest of the city", and (2) "will cause no manifest injury to the persons owning real estate in the territory sought to be annexed".

The statute is heavily weighted in favor of annexation. As a general proposition, any annexation will probably benefit a city, and it is extremely difficult for the protestants to show "manifest injury". However, the legislature has recognized that a protest may be well-founded and circumstances may exist which justify a judicial determination that the annexation should not take place. This is such a case.

Cold Spring is a small municipality, narrowly confined to a short stretch of U. S. Highway No. 27 in Campbell County.

It has a general store, a sportsman's shop, a bank, a barber shop, a garage, two or three restaurants or taverns, and two fruit stands. Neither the area nor the population of the city is shown by this record, but admittedly they are not large.

The city has no street lights, no sewer facilities, no city school, no fire department, and no street maintenance department. It has a part-time police force, consisting of two officers, and has a water supply limited by contract to the present city area.

The proposal is to annex a surrounding area which is almost four times the size of the present city and is substantially rural. This adjacent territory is in general rough terrain, consisting of farm lands, ridges and valleys. It offers limited prospects of industrial or urban development. There are a few scattered subdivisions in the surrounding area, but the evidence indicates that less than 50 percent is suitable for further improvement of a residential nature.

The record fails to disclose who initiated this annexation or what was its real purpose and plan. The mayor of the city and other officials who testified did not explain (or even seem to understand) the project; and did not identify any benefits which the city expected to receive. There is nothing in the evidence to indicate the surrounding property would in any way be benefited, principally because the city has such limited facilities of its own. There is some evidence the city hoped as a result of this annexation to obtain a new water supply, but it was not shown in what way annexation would further this project, and the prospects are not only highly speculative but would be highly expensive.

■ In view of the above facts, the Chancellor found that the proposed annexation would impose on the city obligations it could not meet, and consequently it would not be for the best interests of the city. This ruling conforms with the principles set forth in Town of Latonia v. Hopkins, 104 Ky. 419, 47 S.W. 248; Gilley v. City of Russell, 212 Ky. 798, 280 S.W. 101; and Hardin v. City of St. Matthews, Ky., 240 S.W.2d 554.

■ The Chancellor also found that this annexation would cause manifest injury to the freeholders in the territory. While taxation as such is not a ground for denying annexation, it may be considered as one of the burdens for which the property owner would receive no adequate return. Gilley v. City of Russell, 212 Ky. 798, 280 S.W. 101. It has also been held that property is materially injured by annexation to a city where it is not adaptable to city uses. City of Russell v. Ironton-Russell Bridge Co., 249 Ky. 307, 60 S.W.2d 628. As said in City of Louisville v. Kraft, Ky., 297 S.W.2d 39, 44:

"Considering that the word 'burden' contemplates something that is grievous, wearisome or oppressive (Webster's New International Dictionary), we think in terms of an obligation that creates a feeling of oppression or heavy burden because of the absence of compensating benefits. In other words, an obligation becomes a burden only when the benefits to be derived (often intangible) are disproportionately low in comparison to the load."

We think a consideration often overlooked is the burden of responsibility for the proper conduct of city affairs which is placed upon freeholders who are involuntarily made city voters.

■ A careful examination of this record and consideration of the Chancellor's excellent opinion convinces us that the trial court correctly evaluated the evidence, and was fully justified in deciding that the proposed annexation should not be approved.

The judgment is affirmed.

MILLIKEN, J., not sitting.