Fred GORDON et al., Appellants,

v.

CITY OF LOUISVILLE et al., Appellees.

Court of Appeals of Kentucky.
June 23, 1961.

Rehearing Denied June 22, 1962.

R. D. McAfee, Louisville, for appellants.

Herman E. Frick, William S. Wetterer, Jr., Louisville, for appellees.

CULLEN, Commissioner.

The City of Louisville enacted appropriate ordinances for the annexation of a residential area adjoining a residential section of the city. A group of freeholders in the area brought an action protesting the annexation. The total number of remonstrants was less than 75% of the number of freeholders in the area so under KRS 81.110 the issues in the action were whether the annexation (1) would be "for the interest of the city" and (2) would "cause no manifest injury to the persons owning real estate in the territory sought to be annexed." At the conclusion of the evidence the court directed a verdict for the city on issue No. 1 and submitted issue No. 2 to the jury. The jury's finding was that the annexation would not cause manifest injury to the property owners in the annexed area. Judgment was entered upholding the annexation.

The remonstrants have appealed, maintaining that the court erred in directing the verdict on issue No. 1 and in excluding certain evidence offered by the remonstrants which had relation to the effect the annexation would have on the finances of the city.

The substance of the contentions of the appellants is that from the evidence in the record reasonable minds could have concluded that the cost of providing city services to the annexed area would exceed the revenues to be derived from the area through taxation, and that the rejected evidence would have provided additional proof

that the annexation would result in a financial burden to the city; therefore, it is argued, the annexation could have been found by a jury not to be for the interest of the city.

In our opinion this case is controlled by the decision in City of Louisville v. Kraft, Ky., 297 S.W.2d 39. It was there said in effect that under the limited fact-finding function of the courts in annexation cases the annexation of *urban* territory to a city cannot be held to be contrary to the interests of the city unless the annexation would constitute an overextension of the capacities of the city to function as a sound going concern. The area involved in the instant case is a well built-up residential neighborhood and is urban in character, within the rule in the Kraft case.

The evidence in this case, including the rejected evidence, goes no further than to show that residential areas often do not carry their own weight as far as city finances are concerned. The evidence does not approach a showing that the annexation of the area in question would place such a financial burden on the City of Louisville as to threaten its continued existence as a sound going concern.

As stated in the Kraft case, the political and economic advisability of annexation is primarily a matter for legislative determination. Certainly, the broad question in essence posed by the appellants, of whether cities should embrace residential areas which usually cost more to serve than the taxes they produce, is a question of legislative policy.

As further stated in the Kraft case, it is not a proper function of the courts, in annexation cases, to make fine comparisons of benefits and burdens. The evidence in the case before us (again including the rejected evidence) shows at the most only the possibility of a slight excess of cost of services over tax revenues.

Of course the "interests" of the city include other things, such as sociological factors, health considerations, community spirit, etc., aside from pure operating finances. There was no evidence that the annexation here would be contrary to these interests of the city.

It is our opinion that the exclusion of the offered evidence was not prejudicial and that the court properly directed a verdict on the issue of whether the annexation would be for the interest of the city.

The judgment is affirmed.