COMMONWEALTH of Kentucky ex rel. John B. BRECKINRIDGE, Attorney General, Appellant,

v.

J. C. MARSHALL, Elbert Goodin and Edgar Kimbler, Appellees.

Court of Appeals of Kentucky.

Oct. 5, 1962.

James A. Hicks, Albany, for appellant.

Ralph Hurt, Paul B. Jones, Columbia, Morris Butler, Greensburg, for appellees.

PALMORE, Judge.

Appellees were elected as members of the Adair County Board of Education at the regular election in November of 1960. Their terms of office began on January 2, 1961, at which time they took the oath prescribed by Section 228 of the Constitution and assumed office. On June 24, 1961, they learned from an article in the Louisville Courier-Journal that the Attorney General had issued an opinion concerning their failure to take the further oath ·required by

KRS 160.170. This was their first knowledge of the latter requirement, and to correct the oversight they executed this oath in writing on June 27, 1961, and caused it to be filed in the records of the board. Thereafter they continued, as before, to attend meetings and perform their duties as members of the school board. This action to remove them was filed on December 22, 1961, and, after defensive pleadings and submission, resulted in a judgment for appellees. The Attorney General appeals.

KRS 62.010 provides as follows:

"(1) No officer shall enter upon the duties of his office until he takes the oath required of him by law.

"(2) Each person elected to an office shall take the oath of office on or before the day the term of office to which he has been elected begins.

"(3) Each person appointed to an office shall take the oath of office within thirty days after he receives notice of his appointment."

By KRS 62.990(1), violation of KRS 62.010(1) is made a misdemeanor, upon conviction of which the offender is "removed from office." And KRS 62.990(2) declares that the office of one who violates KRS 62.-010(2) or (3) "shall be considered vacant and he shall not be eligible for the same office for two years."

KRS 160.170 says that every person elected to a board of education "shall, before assuming the duties of his office," take both the Constitutional oath and the oath therein set forth. KRS 446.010(23) provides that in the statute laws of this state, unless the context requires otherwise, "shall" is mandatory. On the basis of these laws the Attorney General, through other counsel, contends that appellees forfeited their respective offices by failure to take the special oath in question on or before the day their terms began or, at the very least, within a reasonable time thereafter.

■ Somewhere between those who insist upon the letter of the law whether it makes sense or not and those who espouse a more temperate approach the so-called "legislative intent" is supposed to provide an anchor. More often than not, however, and especially does this become so with the passage of time after the enactment of a statute, there is no such thing as a real "legislative intent" with reference to the particular facts at hand. In such a case it must be remembered that, as most laws proceed from and are supposed to reflect the public will, it is not only proper but necessary that they be given a construction that is likely to be regarded by the public in general as reasonable.

KRS 62.010 carries into the revised statutes certain sections that have been in force at least since 1893. They speak in terms of a single "oath," and it is possible to attribute significance to the fact that in the subsequent process of adopting what is now KRS 160.170 (c. 65, Art. V, § 18, Acts of 1934) the legislature did not see fit to change this terminology from the singular to plural. We prefer, however, not to rest upon a logic so tenuously premised.

■ The one great oath to be taken by all public officers is the Constitutional oath, Const. § 228. We seriously doubt that the legislature ever intended, or the public would expect us to hold, that a duly elected official who has taken that oath, and in good faith entered upon the performance of his duties, forfeits his office by an innocent, inadvertent failure to take some additional statutory oath of office, particularly where the statute creating it does not specifically provide any penalty for failure to take it. When an officer swears that he will faithfully execute the duties of his office "according to law," as he does by taking the Constitutional oath, the obligations and undertakings set forth in the various statutes pertaining to his office, whether or not they are expressed in the form of other oaths additionally prescribed, are necessarily included and he is bound by them. As we

view it, where Const. § 228 is applicable, that is "the oath" referred to in KRS 62.010.

We hold that the innocent and inadvertent omission of a public officer who has taken the Constitutional oath to take some further oath prescribed by statute does not forfeit his office or authorize his removal from it. It is unnecessary, of course, to consider the possible effect of a continued and wilful failure to comply with the statute after it has been brought to the officer's attention.

Judgment affirmed.

MONTGOMERY, J., not sitting.