**Paul L. KELLEY et al., Appellants,**

v.

**S. E. DAILEY et al., Appellees.**

Court of Appeals of Kentucky.

March 22, 1963.

---

Henry J. Burt, Jr., Louisville, for appellants.

Daniel B. Boone, Henry A. Triplett, Louisville, for appellees.

PALMORE, Judge.

KRS 75.010 authorizes the establishment of a fire protection district on the petition of at least 51% of the voters residing within its boundaries. In this case a fire protection district embracing ½ square mile was established on the petition of 24 voters. Two weeks thereafter, pursuant to KRS 75.020, the newly formed district instituted proceedings to annex an additional area of approximately 4½ square miles. (The entire 5 square mile area theretofore had been served by a voluntary fire department.) Several hundred persons (numbering, however, less than 51% of the freeholders of the territory sought to be annexed) joined in a remonstrance. Since KRS 75.020 provides for a hearing on the merits only if 51% or more of the freeholders remonstrate, the circuit court entered judgment sustaining the annexation without hearing any evidence except what was necessary in order to determine the percentage of freeholders represented in the remonstrance. The remonstrants appeal, contending that they were entitled to a hearing on the merits. They contend also, in effect, that even without such a hearing the facts disclosed by the

record are such that the annexation cannot be sustained.

■■■ A fire protection district organized under KRS 75.010 is, of course, a type of municipal corporation. "The fixing of municipal boundaries is generally considered to be a legislative, and not a judicial function, and the legislative action is not reviewable by the courts, unless it is arbitrary, unreasonable or violative of constitutional rights." 2 McQuillin, Municipal Corporations pp. 258–259, 299–301, §§ 7.03, 7.16. "Since the creation of municipalities and all matters in relation to annexation are political acts, whether they shall be done or not is within the power and discretion of the Legislature as the political department of the government; hence the assent or the will of the people particularly affected is not controlling, for they hold their property subject to the exercise of the legislative power." Sanitation Dist. No. 1 of Jefferson County v. City of Louisville, 1948, 308 Ky. 368, 213 S.W.2d 995, 999; City of Louisville v. Kraft, Ky.1957, 297 S.W.2d 39, 42.

■■ It follows from these principles that an annexation statute need not, in order to be valid, allow for any remonstrance at all. If it does not, when the statutory prerequisites of the proposed annexation are met there can be no defense except on constitutional grounds (including, of course, arbitrariness, per Const. § 2). The absence of any provision in KRS 75.020 for a consideration on the merits when the remonstrants number less than 51% is too conspicuous for us to read one into it by implication. Therefore, since the remonstrance did not assert or raise a constitutional question, the trial court was correct in entering a judgment sustaining the annexation without hearing evidence relating to the merits of the proposal.

Appellants are in error as to the import of Town of Latonia v. Hopkins, 1898, 104 Ky. 419, 47 S.W. 248; Gilley v. City of Russell, 1926, 212 Ky. 798, 280 S.W. 101; Hardin v. City of St. Matthews, Ky.1951, 240 S.W.2d 554, and City of Louisville v. Kraft, Ky.1957, 297 S.W.2d 39. These opinions do not stand or fall on the stark proposition that a city must have a "substantial period of existence" before it can annex further territory. The vital issue in each was whether the proposed annexation was for the best interest of the city. The brevity of its municipal existence had significance only insofar as that circumstance related to the city's *capacity* to function as a sound going concern if burdened by the additional area to be served. Moreover, under the general annexation statutes for all classes of *cities* (as distinguished from the more limited type of municipal unit with which we are here concerned), if a remonstrance is presented there is always a justiciable issue on the merits (e. g., burdens and benefits), regardless of the number of remonstrants; the number or percentage merely governs the burden of proof or narrows the issues. See KRS 81.110, 81.140, 81.190, 81.210, 81.230, and 81.240. In each of the four cases just cited there was a hearing on the merits. In Gilley v. City of Russell and Hardin v. City of St. Matthews the question on appeal was whether the proof was sufficient to sustain a favorable finding, and it was decided in the negative. In Town of Latonia v. Hopkins the question was whether the proof was sufficient to sustain an unfavorable finding, and it was decided in the affirmative. In City of Louisville v. Kraft a finding adverse to annexation was held unjustified by the evidence. In the instant case the law does not allow for a determination on the merits; hence these authorities are not applicable.

Appellants are right in their contention that KRS 75.020 permits territory to be annexed more easily than it could have been included in the original establishment of the fire protection district. As we have indicated, however, that is a legislative prerogative.

The judgment is affirmed.