**Kermit WARD and Dorothy Ward, his wife, et al., Appellants,**

v.

**CITY OF ASHLAND, a Municipal Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Paul C. Hobbs, Gray, Woods & Cooper, Ashland, for appellants.

A. W. Mann, Arthur T. Bryson, Jr., Ashland, for appellees.

STEINFELD, Chief Justice.

Ashland, a city of the second class, with a population of approximately 31,000, enacted an ordinance on January 10, 1966, by which it proposed to annex 2.82 square miles of unincorporated territory contiguous to its southerly boundary. A petition, timely filed in the Boyd Circuit Court, remonstrated against the proposal. A large majority, from 80% to 90% of the residents of the proposed annex area, joined in remonstrating. After hearing proof the trial court made findings of fact, reached conclusions of law pursuant to CR 52.01, and entered judgment allowing the annexation. The petitioners have appealed. We affirm.

Appellants contend that the findings of fact are incorrect, which caused the chancellor to erroneously declare the law. They claim that the proof conclusively showed that the area is rural, mountainous, sparsely populated and unsuitable for urban development. Appellants rely on City of

Greenville v. Gossett, Ky., 355 S.W.2d 311 (1962), in which we said "Where the proposed annex would not receive the standard benefits of municipal incorporation, the imposition of municipal taxation has been held to amount to material injury." They also cite City of Cold Spring v. Laycock, Ky., 312 S.W.2d 882 (1958), in which we held that the chancellor was correct in denying annexation, he having considered the tax burden and the non-adaptability of the area for city uses. Appellants refer to City of Russell v. Ironton-Russell Bridge Co., 249 Ky. 307, 60 S.W.2d 628 (1932), wherein we stated the test thusly:

"How can property in a proposed addition be injured by including it within a city is a pertinent question, and the answer is that if the property in the proposed addition is not adapted and gives no promise of desirability for use as sites for residences, factories, mercantile buildings, warehouses, or other city uses, and certainly this is not so now and can never be so, then its inclusion within the city and its subjection to the power of the city, to impose upon it city taxes would be an injury to it, and as common sense would tell us, that its subjection to such taxes would reduce the market value of property so included, then certainly such inclusion would be a material injury to it. All of these things exist here, hence we hold that in view of the inconsiderable, if any, advantages that could result to the city by the inclusion of this property in it, and the glaringly inadequate, if any, compensating advantages that could result to this property by the inclusion of it, that its inclusion and the subjection of it to city taxation would be a material injury to it, and hence the right of the city to make this proposed extension of its boundaries is denied. This is not a new doctrine in this state and is in harmony with our ruling in Town of Latonia v. Hopkins, 104 Ky. 419, 47 S.W. 248, 20 Ky. Law Rep. 620, where we held, where owners object, sparsely settled outlying territory which would receive no substantial advantage from municipal government should not be annexed."

Appellants introduced witnesses whose testimony was to the effect that the area was unsuited for urban development. However, contra proof was supplied by the city. An engineer testified that four residential subdivisions were being developed currently and that they occupied about 500 acres; that sewers and water from an extension of present lines could be brought into the area. Others testified similarly. The city manager stated that ". . . personnel and mechanical equipment is adequate to give police protection to this area . . ." and that the city ". . . can extend fire protection to this area." On cross-examination his testimony was partly discredited. Several witnesses stated that within the city limits land for industrial and residential uses was scarce and that the proposed annex area was adaptable to municipal development. Appellants testified that in the subject area "at the time of the hearing there were 284 houses, 23 trailers, 7 small businesses, 2 churches, and approximately 1300 . . ." residents. The contention of appellees was that the city's growth was restricted by the Ohio River and the City of Catlettsburg and that for normal expansion the proposed annexation was essential.

In its findings of fact the trial court stated "The Court finds that a substantial part of the area within the present city limits is not being used for city uses", but such areas were not useable. "The Court further finds that a substantial portion of the hill land in the area sought to be annexed is so steep and rough that it presently would not be economical to use it for ordinary city uses, but the Court also finds that a greater portion consisting of smoother hills and valleys running around and through the area sought to be annexed is well adapted to city use . . . and the Court finds that a substantial por-

tion of the area sought to be annexed has already been laid off into subdivisions and many houses built in the subdivisions already. Other parts of the area is fit for subdivision. . . . The proposed area is mostly good desirable land for City use, but does include some rough, presently undesirable, land. . . . The residents of the area sought to be annexed already come to Ashland for services such as banks and stores." The testimony supported these findings, which we may not disturb unless they are clearly erroneous. CR 52.01. We do not find them so.

As a matter of law the court found " . . . that a failure to annex the territory sought to be annexed will materially retard the prosperity of the City of Ashland and of the owners and inhabitants of the territory sought to be annexed and that the annexation will not result in any manifest injury to the residents and freeholders in the area." In City of Hickman, Inc., v. Choate, Ky., 379 S.W.2d 238 (1964), we said:

"The clear policy of the law toward encouragement of municipal expansion and against a fine weighing of the relative benefits and burdens rests upon justice and good sense. This case presents an example. Here are 1200 to 1500 people with water and gas service they would not have except for the instrumentality of the city. Yet because they already have it they are able to say that coming into the city offers them no new advantages. Their lot was made better by the city, and having accepted its benefits they cannot defeat an annexation unless it is so unfair to them as to border upon arbitrariness."

In Choate we announced the principles applicable to similar cases. Applying those principles to the case now before us, we hold that the evidence under KRS 81.140 was sufficient; therefore the judgment of the lower court must be and it is affirmed.

All concur.