**CITY OF NORTHFIELD, Appellant,**

v.

**HOLIDAY MANOR, INC. et al., Appellees.**

Court of Appeals of Kentucky.

March 31, 1972.

Foster L. Haunz, Dougherty, Gray & Haunz, Louisville, for appellant.

Joseph B. Helm and Mark B. Davis, Jr., Brown, Todd & Heyburn, Louisville, for appellees.

CULLEN, Commissioner.

Northfield, a sixth-class city in Jefferson County, adopted an ordinance for annexation of territory, one part of which was residential and the other part commercial in character. A number of the owners of commercial property, constituting less than ten percent of the freeholders in the territory proposed to be annexed, brought a remonstrance suit attacking the proposed annexation on various grounds. The circuit court entered a summary judgment declaring the annexation void. The city has appealed.

The ground on which the circuit court held the annexation void was that under the rationale of Prudential Building & Loan Association v. Urban Renewal & Community Development Agency, Ky., 464 S.W.2d 629, and City of Louisville v. Mc-Donald, Ky., 470 S.W.2d 173, a city cannot annex territory without first holding a trial-type hearing and making findings of fact. The two cases were not intended by this court to stand for any such proposition.

The substance of the holding of the two cases is that a trial-type, due-process hearing, with findings of fact, is required of a legislative body if it is not acting in a policy-making or law-making role, but in an adjudicatory fashion with respect to the situation of a particular property owner by reason of particular facts peculiar to his property. The enumeration in *Prudential* of various factors which collectively required the holding of an evidentiary hearing was in final analysis simply an expression of the thought that the circumstances of that case were such that the legislative action had left the area of policy-making and addressed itself to a particular property situation. *Prudential* was not an *annexation* case in any respect.

Our decisions have made it clear that annexation of territory to a city is a *legislative* matter in the policy-making area. See Gordon v. City of Louisville, Ky., 357 S.W.2d 693; Mitchell v. City of Central City, Ky., 354 S.W.2d 281; City of Louisville v. Kraft, Ky., 297 S.W.2d 39. Cf. Ward v. City of Ashland, Ky., 476 S.W.

**598**

2d 205 (decided February 4, 1972). The determination of the political and economic advisability of the annexation is made by reference to the owners as a class and not individually. *Mitchell,* supra. It is true that the statutes provide for consideration by the *court,* in a *remonstrance suit,* of the factors of the "interest of the city," "manifest injury to the persons owning real estate in the territory," and "the prosperity of the city, and of the owners and inhabitants of the territory." The statutes do not contemplate, however, that the city legislative body shall make specific adjudicative findings of fact in regard to those factors; rather the factors are to be considered by the court in determining whether the city's legislative action is *arbitrary.* *Kraft,* supra.[1]

Our conclusion, is, therefore, that a city is not required to hold a trial-type hearing as a prerequisite to annexation of territory.

In the trial judge's memorandum opinion in this case, he cites authorities for "the proposition that, prima facie, plaintiff's property should not be annexed." From the context of the entire opinion it is clear that this was not intended as a separate, independent ruling, but was by way of attempted correlation with a statement in *Prudential* with reference to the facts, creating a prima facie case against amendment of the urban renewal plan. In view of the fact that the territory sought to be annexed in the instant case is urban in nature, and the city, though residential in character, has had a substantial period of existence, there is little basis on which the annexation could be found to be against the interests of the city, absent a showing that the capacity of the city to function as a sound going concern would be over-extended; and the mere imposition of taxes on the annexed territory is not manifest injury. *Kraft,* supra.

We are remanding the case for proceedings conforming to the established practice for remonstrance suits.

We agree with the trial court's ruling that the giving of notice to the fiscal court, of the annexation ordinance, was sufficient, though done by the city attorney rather than by the city clerk as KRS 81.290(1) provides.

We do not pass on the sufficiency of the remonstrance complaint, nor on the constitutionality of the annexation statutes, since the circuit court did not reach those issues.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

All concur.

---

[1]. When *Kraft* speaks in terms of the courts' confining their *fact-finding* function to what is clear and obvious, it is in effect saying that the courts will find against annexation only where annexation would be *unreasonable* under the circumstances.