**Leon SANDLIN et al., Appellants,**

v.

**CITY OF RICHMOND et al., Appellees.**

Court of Appeals of Kentucky.

April 19, 1974.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellants.

John D. Sword, Sword & Floyd, Richmond, for appellees.

STEINFELD, Justice.

This is an appeal from a judgment which dismissed that part of a complaint which sought (1) to permanently enjoin the City of Richmond from operating a sanitary landfill and dumping facility, and (2) to have permits issued by the Kentucky Department of Health for the operation of such facilities declared invalid. We affirm.

Richmond had previously operated an incinerator garbage disposal system but was

prohibited from operating it by the Kentucky State Board of Health. On December 2, 1970, Richmond filed an application with the Kentucky Department of Health seeking permits to construct and conduct a sanitary landfill facility on land which it proposed to lease from Mr. and Mrs. Hugh Lovett. The application disclosed the types and sources of materials to be disposed of, the types and sizes of equipment to be used, the soil conditions, method of operation, pollution and flooding probabilities, and other information. On December 16, 1970, Richmond obtained construction and operation permits and six days later entered into a lease with the Lovetts for the use of their land.

The appellants, citizens of Madison County, argue that the trial court erred in not permanently enjoining Richmond from operating this facility because such operation from its inception was a public nuisance and it cannot be operated without violating the rules and regulations of the Kentucky Department of Health. After hearing conflicting evidence, the trial court found,

> " * * * that there was no evidence to show that the operation of the landfill site was being conducted so as to be a nuisance at this time. Three exhibits filed in the record * * *, indicate that the landfill is being closely supervised by the public health officials and, as of March 18, 1971, was meeting all legal requirements of the State Health Department in regard to a sanitary landfill."

We cannot say that these findings, if erroneous at all, were clearly erroneous. CR 52.01. They will not be disturbed. Ward v. City of Ashland, Ky., 476 S.W.2d 205 (1972).

The next argument is that the permits issued to Richmond are invalid because there was no public hearing held *prior* to their issuance. KRS 211.700 to 211.730,[1] which were the statutes relating to solid waste disposal, required no such hearing.

KRS 211.713 provided:

> "Permit required for construction or operation of solid waste disposal site or facility.—No person shall establish or construct, or operate, maintain or permit the use of a new solid waste disposal site or facility after June 13, 1968, without first having obtained from the department (of health) a permit to establish or construct the site or facility or a permit to maintain and operate the site or facility pursuant to rules and regulations promulgated by the board (of health)."

The judgment is affirmed.

All concur.

---

1. KRS 211.700–211.730 were repealed by Acts 1972 (1st Ex.Sess.), Ch. 3, Sec. 93, effective January 1, 1973.