## PEWEE VALLEY FIRE PROTECTION DISTRICT, Appellant,

v.

## SOUTH OLDHAM FIRE PROTECTION DISTRICT, Appellee.

Court of Appeals of Kentucky.

Aug. 18, 1978.

Kenneth A. Connelly, Jr., Stewart & Connelly, Crestwood, for appellant.

James F. Williamson, LaGrange, for appellee.

Before HOWERTON, REYNOLDS and WILHOIT, JJ.

HOWERTON, Judge.

Appellant petitioned the circuit court to annex additional territory to include an area recently annexed by the City of Pewee Valley. The territory sought to be annexed was part of the territory served by the appellee. The only objection to the appellant's petition was filed by the appellee. The circuit court dismissed the petition and the appellant has filed this appeal.

The appellant has raised two issues. Appellant first contends that the appellee has no standing to file an objection to the petition for annexation. The second question is whether a fire protection district may annex territory of another fire protection district. Neither question has been decided in Kentucky.

The essential facts can be summarized from the findings which were made by the trial judge. The territory sought to be annexed by the appellant has been provided fire protection by the appellee since 1950, and the territory to be served by both the appellant and the appellee has heretofore been established by orders entered by the Oldham Circuit Court. The territory sought to be annexed by the appellant was annexed into the boundaries of the City of Pewee Valley, a city of the fifth population class, by order of the Oldham Circuit Court on June 26, 1975. The trial court concluded

that the *Kentucky Revised Statutes* make no provision for the annexation of territory belonging to one fire protection district by another fire protection district.

KRS 75.020 is the only statutory authority specifically relating to annexation or reduction of territory by a fire protection district. Subsection (1) of the statute reads in part, as follows:

The territorial limits of an established fire protection district, or a volunteer fire department district, as established under KRS 75.010–75.080, may be enlarged or diminished in the following way: The trustees of the fire protection district or of the volunteer fire department districts shall file a petition in the circuit court clerk's office of the county in which that district and the territory to be annexed or stricken off, or the greater part thereof, is located, not less than thirty (30) days before the next regular term of said court and in courts of continuous session not less than thirty (30) days before the first day of a succeeding calendar month, describing the territory to be annexed or stricken and setting out the reasons therefor. Notice of the filing of such petition shall be given by publication and posting in the same manner as provided for in KRS 75.010. On the second day of the term, and in courts of continuous session on the day fixed in the notice, *the court shall, if the proper notice has been given, and the publication made, and no written defense, objection or remonstrance is interposed, enter a judgment annexing or striking off the territory described in the petition. . . .* (Emphasis added)

The section of the statute continues by authorizing a remonstrance by "freeholders" in the territory to be annexed. The statute also sets out the criteria to be considered by the court, if over 51% of the freeholders in the territory remonstrate.

It should be noted that subsection (3) of KRS 75.020 allows for the annexation of a fire protection district or volunteer fire department by a city maintaining a regular fire department. The subsection also requires the acquiring city to pay the proportional share of any indebtedness owing by the newly-acquired territory.

In the case *sub judice,* the City of Pewee Valley does not have a regular fire department, but is served by the appellant, a fire protection district. We also note that there is no provision elsewhere that specifically allows the acquisition of the territory of one district by another, or requires the assumption of any indebtedness or liabilities by the acquiring district. Other annexation statutes, whether relating to school districts, water districts, sanitation districts, or fire protection districts require that the acquiring body assume certain obligations and debts. See *Kentucky Revised Statutes,* Chapters 160, 81, and 74.

The appellant argues that the appellee has no standing to object, since it is not a "freeholder." Clearly, the appellee is not a "freeholder," at least in the territory in question. A "freeholder" is one holding title to real estate. *City of Northfield v. Holiday Manor, Inc.,* Ky., 508 S.W.2d 756 (1974). The statute does provide for remonstrances by freeholders, and it tells the court what to consider if more than 51% of the freeholders in the territory sought to be annexed join in the remonstrance. We can conclude that the court need not hear the remonstrance and "shall" order the annexation if less than 51% of the freeholders object, unless the objection raises a constitutional question or challenges the statute. The statute provides that the court shall enter judgment, if all notices and other requirements are met. KRS 75.020(1) and *Kelley v. Dailey,* Ky., 366 S.W.2d 181 (1963). But, neither *Kelley* nor the statute considers the question presented on this appeal.

The statute does not limit a defense to an annexation attempt to a remonstrance. The portion of KRS 75.020(1) emphasized above reads, ". . . The court shall, if the proper notice has been given, and the publication made, *and no written defense, objection or remonstrance is interposed enter a judgment . . . .*" (Emphasis added) We conclude that appellee

had standing to object and to interpose its written defense.

The appellee's territory and its rights therein were in jeopardy, and there must be some forum in which to decide the ultimate question of whether the statute even authorizes the taking of the territory by one district from another through annexation. The objection by the appellee was in essence an attack on the statute itself rather than the mere fact of annexation.

The appellant argues that the case of *Kelley* is controlling. *Kelley* was an annexation case by a fire protection district. The court upheld the annexation and determined that when all of the statutory prerequisites had been met, and when less than 51% of the freeholders of the territory object to the annexation, no hearing is needed and no defense against the annexation may be made except on constitutional grounds. *Kelley* is immediately distinguishable in that the area to be annexed was unattached to any other fire protection district's territory.

KRS 75.020(1) makes no specific provision for the annexation of territory by one fire protection district of the territory of another fire protection district. In attempting to interpret the meaning of the statute and the legislative intent, the court must give a construction that is reasonable and will reflect the public will. *Commonwealth ex rel. Breckinridge v. Marshall,* Ky., 361 S.W.2d 103 (1962). Courts must also give statutes a practical construction. *Hamilton v. International Union of Operating Engineers,* Ky., 262 S.W.2d 695 (1962). We presume that the legislature did not intend to reach an absurd result. *Valla v.*

*Preston Street Water District No. 1 of Jefferson County,* Ky., 395 S.W.2d 772 (1965).

To conclude that the appellee must give up its territory without any right to objection would be absurd. The appellee would lose a valid property right and gain nothing. At least a "freeholder" would be given a fire protection service, and even one "freeholder" may attack an annexation attempt on constitutional grounds.

We conclude that to allow the appellant to annex territory of the appellee pursuant to KRS 75.020(1) as it now exists would be unreasonable and impractical. No provisions are made for any compensation or assumption of liabilities and debts. The Kentucky General Assembly simply did not contemplate or intend to permit such an acquisition. This case does demonstrate a need for consideration of this problem by the General Assembly. A fire protection district is an instrumentality of the state. It possesses only those powers granted to it by the legislature. The legislature has the exclusive authority to authorize annexation of territory by a district. If one district may annex the territory of another district, the legislature must provide the authority.

The judgment of the trial court is affirmed.

ALL CONCUR.