**COMMONWEALTH of Kentucky, Appellant,**

v.

**CABINET FOR HUMAN RESOURCES, Commonwealth of Kentucky, Edwin Dick and Herbert Dick, Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1984.

Discretionary Review Denied by Supreme Court April 4, 1985.

David L. Armstrong, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellant.

Barbara McAdam, Stanley Stratford, Cabinet for Human Resources, Frankfort, Tod Megibow, Paducah, Gail Robbins, County Atty., Mayfield, for appellees.

Before COOPER, McDONALD and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court reversing a ruling of the district court which held that the appellee, Cabinet for Human Resources, Commonwealth of Kentucky, could be required to exercise control over the financial resources of a person adjudged retarded, under the language of KRS 202B.060. On appeal, the issue is whether the circuit court erred, as a matter of law, in so ruling. Reviewing the record below, we reverse and remand.

The facts relative to this action are as follows: In July of 1983, the co-appellee, Edwin Dick, was adjudged by a jury to be mentally retarded. The jury determined that involuntary hospitalization or placement in a mental retardation residential treatment center would be the least restrictive mode of treatment for him. Furthermore, it determined that he was partially disabled in managing his own financial resources. As a result, the district court committed the co-appellee to the care of the appellee, Cabinet for Human Resources, for a period not to exceed sixty days in which he was to be placed in a mental retardation residential treatment facility. As part of its order, the district court ordered the appellee to act as a limited conservator for the co-appellee under the provisions of KRS 387.680, 387.690 and 387.700. It ruled that existing statutory power be expanded to allow the appellee to exercise complete control over the co-appellee's financial resources and to exercise control as to where he would reside and an availability of appropriate treatment programs.

The appellee appealed to the circuit court arguing that there was no statutory authority which *required* it to serve as a conservator for one adjudged to be mentally retarded. The circuit court agreed, ruling that the appellee could not be required to serve as a limited guardian and limited conservator if it had not applied for such appointments, and if it were not willing to serve as such. The appellant, Commonwealth of Kentucky, moved for discretionary review of the circuit court's order. This was granted, and it is from the circuit court's order that the appellant now appeals.

On appeal, the principal issue is whether, under the existing statutes, the appellee can be *required* to serve as a conservator for an individual incapable of managing his financial resources if it is unwilling to serve and if it had not sought such an appointment. In its judgment, the district court held as follows:

IT IS NOW THE JUDGMENT of this Court that the Respondent, Edwin Dick, is a disabled person within the meaning of K.R.S. Chapter 387, who is partially disabled in managing his personal affairs and partially disabled in managing his financial affairs.

It appearing to the Court from testimony at the trial of the father, Herbert Dick, and the testimony of Charles Rogers, an employee of the Cabinet for Hu-

man Resources, that there is no person able or willing to serve in the capacity as guardian or conservator and the Commonwealth Attorney for Graves County having entered a motion to appoint the Cabinet for Human Resources as limited guardian and limited conservator and the Court being sufficiently advised,

IT IS HEREBY ORDERED that the Cabinet for Human Resources shall serve as limited guardian and limited conservator of the person and estate of Edwin Dick.

IT IS FURTHER ORDERED by the Court on motion of Helen Varney, as an employee for the Cabinet of Human Resources, that the powers of limited guardian and limited conservator under the provisions of K.R.S. 387.680, 387.690 and 387.700, shall be expanded to include the authority to exercise complete control over all his financial resources and to exercise control over his personal affairs in determining where he shall reside and an appropriate treatment program that shall be made available to him.

In reversing the district court's judgment, the circuit court ruled as follows:

The question on Appeal is whether or not the District Court had the legal authority to appoint and require the Appellant to serve as limited guardian and limited conservator of the person and estate of Edwin Dick.

The Appellant takes the position that there is no statutory authority for its appointment unless it applies for and is willing to serve as the fiduciary.

The Court, in reading the statutes cited, is of the opinion that there is no statutory authority for the Court to require the Appellant to serve as fiduciary when it has not applied for appointment and is not willing to serve as such. A private individual who is unwilling to serve cannot be required to serve. A public agency might be required to serve, but not when the statutes say otherwise as in the instant case.

The Court notes in passing that KRS 387.740 raises the possibility that the Court itself might exercise the powers of a limited guardian or limited conservator. The Court also notes that under KRS 395.390 and KRS 395.395 that there is a possibility the Public Administrator and Guardian could serve as fiduciary, if Graves County has such. If not, there is a possibility the Sheriff might serve. This is dictum merely.

Although, at first glance, KRS 387.530 appears to restrict the appointment of a limited guardian or limited conservator to either an individual or entity which specifically applies for such an appointment—"a petition for a determination of partial disability or disability and the appointment of a limited guardian, guardian, limited conservator, or conservator, may be filed by any interested person ..."—KRS 387.-600(1) seems to leave open the possibility of the district court appointing any interested person or entity notwithstanding the failure of that person or entity to specifically request such an appointment. Subsection (1) of that statute states, in part, as follows:

(1) The court may appoint as limited guardian, guardian, limited conservator, or conservator any suitable person or any entity, public or private, capable of conducting an active guardianship or conservatorship program. The court shall not ordinarily or customarily appoint the department for human resources or any other person or entity, public or private, that is directly providing services to the respondent unless no other suitable person or entity is available and willing to be appointed. Appointment of the department for human resources shall be consistent with the provisions of KRS 210.290.

KRS 210.290 states as follows:

(1) The cabinet for human resources may be appointed and act as executor, administrator, guardian, limited guardian, conservator or limited conservator as provided in this section. In this capacity the cabinet may transact business in the same manner as any individual and for this purpose may sue and be sued in any

of the courts of the state. Bond shall not be required of the cabinet.

(2) Whenever a resident of the state is adjudged partially disabled or disabled and no other suitable person or entity is available and willing to act as limited guardian, limited conservator, or conservator, the cabinet, acting through its designated officer, may apply to the district court of the county in which the adjudication is made for appointment as limited guardian, guardian, limited conservator, or conservator for such partially disabled or disabled person.

Under the statutes in question—enacted in 1982 and apparently subject to no judicial construction as of this time—the appellee can either apply to the court to be appointed as a limited guardian or conservator, or can be appointed by the court to act in that capacity. The assumption underlying the statutory scheme seems to be that the appellee would willingly take any such appointment. The question of whether it can be *required* to accept such a role is not specifically addressed by the statutes. In attempting to determine the legislative intent behind a specific statute, or statutes, it can be presumed that the legislature intended to achieve a reasonable result, rather than an absurd result. *See George v. Scent,* Ky., 346 S.W.2d 784 (1961); *Pewee Valley Fire Prot. Dist. v. South Oldham Fire Prot. Dist.,* Ky.App., 570 S.W.2d 290 (1978). Subsection (1) of KRS 387.600 states:

... the court shall not ordinarily or customarily appoint the department for human resources or any other person or entity, public or private, that is directly providing services to the respondent unless no other suitable person or entity is available and willing to be appointed.

From such language, it seems evident, at least to this Court, that in a situation in which no one can be found to act as a limited guardian or conservator, the Cabinet for Human Resources can be appointed as a matter of last resort, regardless of whether it applied for or sought such appointment. To construe the statute otherwise would be to effect an absurd result: if no person or entity were available and willing to be appointed, could the court "appoint" the Cabinet for Human Resources only if it were available and willing? If it were not willing, would the court have any effective appointive power? Although the appellee argued before the district court that it could not assume responsibility for the co-appellee's affairs if it were merely designated as a limited conservator, the district court ruled that powers of a limited guardian and limited conservator under KRS 387.680, 387.690 and 387.700 could be expanded to include the authority to exercise complete control over an individual's financial resources. From the record, it appears that the motion to expand such powers was made by an employee of the appellee. The district court thus recognized the practical problem that would result if the appellee were merely designated as a limited conservator over the co-appellee's finances.

Here, there is no question that the co-appellee lacks a willing individual or entity to assume either a guardianship over him or a limited conservatorship to manage his financial resources. Without either guardian or conservator, the co-appellee is in a desperate situation. Given the provisions of KRS Chapter 202A, it is clear that the legislature intended to see that mentally retarded individuals are cared for by the state. And, given the language of KRS 210.290 and KRS 387.600(1), we hold that the appellee can be forced to accept an appointment as limited guardian or conservator if the district court finds that there is no other available and willing individual or entity to assume such roles. Consequently, we reverse the judgment of the circuit court and direct it to reinstate the opinion and order of the district court.

The judgment of the circuit court is reversed with directions that it reinstate the judgment of the district court.

All concur.